**FORMIGLI CORPORATION**
v.
**ALCAR BUILDERS, INC.**
Civ. A. No. 31891.

United States District Court
E. D. Pennsylvania.
Dec. 8, 1964.

Paul N. Minkoff, of Klovsky, Kuby & Harris, Philadelphia, Pa., for plaintiff.

Robert F. Cushman, Philadelphia, Pa., for defendant.

BODY, District Judge.

The issue to be decided by this Court is whether a Federal Court has the power to appoint an arbitrator in a labor dispute after the same Court has issued an order compelling arbitration of the dispute. The facts giving rise to this motion are set forth briefly.

Plaintiff, Formigli Corporation, agreed to manufacture, deliver and install in an apartment housing project, which was being constructed by defendant, Alcar Builders, Inc., at Horsham, Pennsylvania, a precast concrete floor system for $79,-500.00. The plaintiff alleged that the defendant prevented performance of the contract by changing its terms, failing to provide drawings and specifications, and refusing to allow plaintiff to perform its contract with defendant.

Defendant then filed a motion to compel the plaintiff to proceed to arbitration in accordance with Article XV of the contract, and to stay proceedings until arbitration had been concluded.

On March 22, 1963 this Court issued an order staying the action and directing the parties to proceed to arbitration. Formigli Corporation v. Alcar Builders, Inc., D.C., 215 F.Supp. 166. On appeal the order was affirmed by the Third Circuit Court of Appeals in an opinion filed March 12, 1964. (329 F.2d 79).

The contract between the plaintiff and defendant provides:

"Article XV. In case, the parties hereto disagree in relation to any clause or provision of this contract and the rights of the parties with regard thereto such disagreement shall be arbitrated under the *laws of the State of Pennsylvania*, each party thereto to pay one-half of the cost of such arbitration. Such arbitration shall be a condition precedent to the institution of any suit arising out of any such disagreement." (Emphasis supplied.)

Accordingly, it appears to this Court that the parties have agreed by contract to be bound by the Pennsylvania Arbitration Act of 1927, as Amended. 5 P.S. § 161 et seq.

The Pennsylvania Arbitration Act provides in part the following:

"§ 163. The party aggrieved by the alleged failure, neglect, or refusal of another to perform under a written agreement for arbitration, may petition the court of common pleas of the county having jurisdiction for an order to show cause why such arbitration should not proceed in the manner provided for in such agreement. * * *"

"§ 178. Except as otherwise specifically indicated, all references in this act to the courts are to be construed to mean the common pleas courts of the county having jurisdiction of the parties or the subject matter. * * *"

From the foregoing it is evident that this Court does not have the power or authority to appoint an arbitrator. As was stated by Judge Staley in Monte v. Southern Delaware County Authority, 3 Cir., 335 F.2d 855, 857 (1964):

"* * * We need not recite anew our reasons for holding that the par-

ties in the case at bar have contractually agreed that review of this award shall be limited to the state courts. We must, however, emphasize our prior determination that this agreement forecloses review in the Federal system."

### ORDER

And now, this eighth day of December, 1964, in accordance with the foregoing Opinion, it is ordered that the motion of the defendant, Alcar Builders, Inc., for an order appointing an arbitrator be and the same is hereby denied.