**MERRITT–CHAPMAN & SCOTT COR-PORATION, Appellant,**

v.

**PENNSYLVANIA TURNPIKE COMMISSION.**

No. 16441.

United States Court of Appeals Third Circuit.

Argued Oct. 17, 1967.

Decided Nov. 29, 1967.

Martin S. Michelson, Michelson & Kane, Hartford, Conn. (J. Paul Kane, Hartford, Conn., McNees, Wallace & Nu-

rick, by Francis B. Haas, Harrisburg, Pa., on the brief), for appellant.

Robert L. Rubendall, Metzger, Hafer, Keefer, Thomas & Wood, Harrisburg, Pa., for appellee.

Before HASTIE, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

FREEDMAN, Circuit Judge.

This seemingly simple case presents on careful examination a number of difficult problems which were not presented to us by the parties or considered in the district court.

Merritt-Chapman & Scott Corporation, as the successful bidder entered into a contract with defendant, Pennsylvania Turnpike Commission, for the construction of a tunnel known as Allegheny No. 2 on the Pennsylvania Turnpike. It brought the present action alleging that it had made its bid and entered upon the work under the contract in the belief derived from the plans and specifications that the work could be performed by rock tunneling methods, whereas it was required to change to earth tunneling methods which caused it much extra work and serious delay, for which it sought to recover. The complaint, in eleven counts, alleged negligence, arbitrary and unwarranted interference and fraud resulting from the willful concealment by defendant of its knowledge of geological and other information which indicated that earth tunneling methods would be required.

■ The district court granted defendant's motion to stay the action pending arbitration. From this order plaintiff has appealed. We have held that such an order in an action at law is appealable as an interlocutory injunction under 28 U.S.C. § 1292(a)(1), although it is not a final judgment. Kirschner v. West Company, 300 F.2d 133 (3 Cir. 1962).

### I.

■ Plaintiff contends that its claims are not within the scope of the arbitration provision of the contract. The provision is comprehensive in its inclusion of the controversies which must be submitted to arbitration. It provides for what amounts to an appeal to a Board of Arbitration taken within fifteen days after the decision of the Chief Engineer on claims submitted to him in writing.[1] The claims which are thus made subject to arbitration are described in the contract: "All claims *for additional compensation, or for damages, arising out of this contract or in any manner related thereto,* or any breach of said contract, including claims for additional compensation for any work performed which was or was not covered by the approved drawings, specifications or contract, or *for any other cause, including damages for delay*".[2]

This language is very broad and includes the present claims which are "for additional compensation" and "damages", and clearly are in some manner "related" to or arise out of the contract, and also fall within the description of claims for additional compensation "for any other cause, including damages for delay". They are not excluded from the arbitration provision because, they are alleged to have been occasioned by fraud or negligence or unwarranted interference by the defendant.[3]

1. Section 1.10 of the contract provides in part:
"The contractor is deemed to have accepted the decision of the Chief Engineer unless he shall * * * have submitted the claim, in the precise language it was presented to the Chief Engineer, to a Board of Arbitration. * * * Such claims shall be submitted to the Board * * * and shall conform in every detail with the claim as submitted to the Chief Engineer."

2. Section 1.9.9.

3. See Robert Lawrence & Co. v. Devonshire Fabrics, Inc., 271 F.2d 402, 410–411 (2 Cir. 1959), cert. granted, 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618, cert. dismissed, 364 U.S. 801, 81 S.Ct. 27,

We therefore approve the conclusion of the district court that the subject matter of this action falls within the scope of the arbitration provision of the contract.

## II.

Plaintiff argues that its claim of fraud in the inducement of the contract prevents the use of arbitration to decide the question, because if fraud is proven the entire contract, including the arbitration provision, would fall.

The district court held that a number of specific provisions of the contract placed upon plaintiff complete responsibility for the soil conditions which might affect the nature of the work and therefore barred a claim of fraud or negligence against defendant. Evidently the parties in their briefs called the district court's attention to what they deemed to be controlling provisions of the contract, although the record before us contains merely the complaint and the motion to stay the proceedings pending arbitration. But since the district court held that the action should be stayed pending arbitration we assume that it did not decide the important question of fraud but left it to be determined by the Board of Arbitration.

There is presented, therefore, the interesting and controversial question whether a claim of fraud in the inducement of a contract containing a provision for arbitration must be decided by the court because it stands at the threshold of the invocation of the arbitration provision of the contract. The question has been put to rest in federal law by the recent decision in Prima Paint Corporation v. Flood & Conklin Manufacturing

Company, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), decided after the briefs were filed in this case. The Supreme Court there held under the United States Arbitration Act of 1925 [4] that a general attack on a contract for fraud is to be decided under the applicable arbitration provision as a severable part of the contract and that only where the claim of fraud in the inducement goes specifically to the arbitration provision itself should it be adjudicated by the court rather than the arbitrator. There appear to be no Pennsylvania decisions on this question.[5] In the absence of Pennsylvania authority to the contrary we shall assume that the Pennsylvania courts would take the view adopted by the Supreme Court of the United States.

We conclude, therefore, that either under federal or Pennsylvania law the claim of fraud in the inducement of the contract is not enough to prevent the invocation of the arbitration provision of the contract.

## III.

Since the claims asserted in the action fall within the arbitration provision of the contract it was proper for the district court to grant defendant's motion to stay the proceeding pending arbitration.

The district court indicated that it took this action by virtue of the Pennsylvania Arbitration Act of April 25, 1927,[6] § 2 of which provides that where a suit is brought on an issue which is referable to arbitration, "the court in which such suit is pending * * * shall * * * stay the trial of the action" until arbitration is had in accordance with the agreement.[7] At this point we are pre-

---

5 L.Ed.2d 37 (1960); Maxwell Shapiro Woolen Co. v. Amerotron Corp., 339 Mass. 252, 158 N.E.2d 875 (1959).

4. 43 Stat. 883, recodified 61 Stat. 669, 9 U.S.C. §§ 1–14.

5. It was presented but not decided in Jefferies v. Tucker, 7 D&C2d 172 (C.P. Phila.), aff'd, 387 Pa. 234, 127 A.2d 657 (1956). There are, of course, certain issues, such as the existence of any

agreement at all between the parties, which by their very nature cannot fall within the scope of arbitration. See Goldstein v. International Ladies' Garment Workers' Union, 328 Pa. 385, 196 A. 43 (1938).

6. P.L. 381, 5 Purdon's Pa.Stat.Annot. §§ 161–179.

7. 5 Purdon's Pa.Stat.Annot. § 162.

sented with a serious problem regarding the jurisdiction of a federal court to act under this provision and the extent to which such action might rest under the substantially similar provision of § 3 of the United States Arbitration Act.[8] The federal statute applies only to contracts evidencing "a transaction involving commerce".[9] It is therefore inapplicable to the present case if there was no commerce involved in the contract. Bernhardt v. Polygraphic Company of America, Inc., 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956); see also Prima Paint Corporation v. Flood & Conklin Manufacturing Company, supra. The jurisdictional allegations of the complaint are founded on diversity of citizenship and make no reference to commerce. Defendant's motion to dismiss asserts no other basis for jurisdiction, nor does it make any claim that the contract between the parties constituted a transaction involving commerce. However much we may speculate on what may have been the nature of the performance required by the contract, it is impossible for us to determine on appeal whether the United States Arbitration Act applies. For to do so would require us to make an initial factual determination whether the contract evidenced "a transaction involving commerce" within the meaning of § 2 of the Act.

■ If we turn to § 2 of the Pennsylvania Arbitration Act of 1927, which expressly authorizes a stay of proceedings pending arbitration, we encounter what is only an apparent simplicity. For although § 2 of the Pennsylvania statute authorizes such relief by "the court" in which the action is pending, a separate definition section [10] provides:

"Except as otherwise specifically indicated, all references in this act to the courts are to be construed to mean the common pleas courts of the county having jurisdiction of the parties or the subject matter." At first sight it would appear that this provision was intended merely to describe the court of first instance as the appropriate tribunal, and that the legislature had given no thought to the possibility of a diversity suit in the federal courts. On this reading the definition section would be construed to specify the common pleas court whenever the proceeding is brought in the state court, but would not be considered an attempt to prevent the application of the remedial provisions of the Pennsylvania statute in a diversity proceeding in the federal courts.[11] This would avoid any question of state invasion of federal diversity jurisdiction and its validity under the Supremacy Clause, Article VI, Clause 2. We gave full effect, however, to the definition provision of the Pennsylvania Act in Monte v. Southern Delaware County Authority, 321 F.2d 870 (1963), and held that because of it a district court had no power to exercise the authority given by the Act to conform or to vacate or modify an award, because under the definition provision exclusive jurisdiction was vested in the common pleas courts of the state.[12] We also held that in limiting the remedy to the Pennsylvania courts there was no statutory interference by the state with federal diversity jurisdiction,[13] because we were enforcing the contract which the parties had made rather than the Pennsylvania statute which they had contracted should apply.

8. 9 U.S.C. § 3.

9. § 2, 9 U.S.C. § 2.

10. § 18, 5 Purdon's Pa.Stat.Annot. § 178.

11. Cf. Gerr v. Emrick, 283 F.2d 293, 297–298 (3 Cir. 1960) (construing "proper courts at the county of Dauphin" to include federal district court); Markham v. City of Newport News, 292 F.2d 711, 712–713 (4 Cir. 1961).

12. See also Formigli Corp. v. Alcar Builders, Inc., 236 F.Supp. 586 (E.D.Pa.1964).

13. See Railway Company v. Whitton's Administrator, 80 U.S. (13 Wall.) 270, 20 L.Ed. 57 (1872); Payne v. Hook, 74 U.S. (7 Wall.) 425, 19 L.Ed. 260 (1868); Markham v. City of Newport News, 292 F.2d 711 (4 Cir. 1961).

■ Section 16 of the Pennsylvania Arbitration Act of 1927 makes the Act mandatory in all written contracts to which the Commonwealth or any of its political subdivisions is a party.[14] There may therefore be some difficulty in maintaining a distinction between a provision of a contract by the Commonwealth or one of its political subdivisions which expressly draws into it the provisions of the Pennsylvania Arbitration Act of 1927 and one which is silent on the subject but to which nevertheless all of the same provisions are fully applicable because § 16 makes them mandatory in such contracts. Indeed, the Pennsylvania Supreme Court has held that in such public contracts the statute automatically has full effect and that a provision contrary to it, such as one that the award shall be final and conclusive with no right of appeal, must fall. Philadelphia Housing Authority v. Turner Construction Company, 343 Pa. 512, 518, 23 A.2d 426, 429 (1942); Seaboard Surety Company v. Commonwealth, 345 Pa. 147, 151, 27 A.2d 27, 29 (1942); Acchione v. Commonwealth, 347 Pa. 562, 565, 32 A.2d 764, 765 (1943).

■ We need not, however, rest our conclusion on the distinction between a provision in a public contract for the incorporation of the Act of 1927 and the automatic effect of the statute on a silent contract. For the *Monte* case dealt with the confirmation and vacation or modification of an award, whereas we are here concerned only with a stay of proceedings pending arbitration. Such a remedy is one which is within the inherent power of a court and does not require statutory authority. As Mr. Justice Cardozo said in Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed.

153 (1936), the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[15] Moreover, in staying the action pending arbitration we do no more than what a Pennsylvania court would do if the proceeding were before it, and we thereby effectuate in this diversity action the policy of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 (1938). See Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947).

We hold, therefore, that the district court had power to stay the action pending arbitration.

## IV.

The problems of jurisdiction which we have discussed also affect plaintiff's attack on the qualification of the Consulting Engineer who is one of the designated members of the Board of Arbitration. The Board of Arbitration consists of the Consulting Engineer or an engineer designated by him, an engineer designated by the contractor and the Turnpike Commission's counsel. The Board may in general act by a majority of its members. Plaintiff contends that since its action claims misconduct by the Consulting Engineer, the Board of Arbitration of which he is a member may not sit in judgment on its claims.

■ The present record affords no foundation for any sound judgment regarding the qualification of the Consulting Engineer to act as a member of the Board of Arbitration or to designate another engineer as a member in his place. Moreover, the requirement of arbitration would not fail even if the Con-

---

14. Section 16 provides:
    "The provisions of this act shall apply to any written contract to which the Commonwealth of Pennsylvania, or any agency or subdivision thereof, or any municipal corporation or political division of the Commonwealth shall be a party."

15. Similarly, Nederlandse Erts-Tankersmaatschappij v. ,Isbrandtsen Co., 339 F. 2d 440 (1964), an arbitration case. See also Formigli Corp. v. Alcar Builders, Inc., 329 F.2d 79 (3 Cir. 1964).

**774**

sulting Engineer is disqualified to act directly and to designate another engineer in his place. Here again, however, we encounter the difficulty which we have already discussed. The United States Arbitration Act, § 5,[16] provides for the filling of vacancies in the office of arbitrator by the courts. But the absence of a finding that there is here involved a transaction involving commerce makes it impossible to justify the filling of the vacancy by a district court under the United States Arbitration Act. The Pennsylvania Arbitration Act of 1927, § 4,[17] contains the same authority with the additional express specification of the disqualification of an arbitrator to sit as one of the reasons for which the court may appoint an arbitrator. There is no doubt of the power of the Pennsylvania courts to fill a vacancy in the office of arbitrator under this provision. See J. M. Davis Co. v. Shaler Twp., 332 Pa. 134, 2 A.2d 708 (1938). Bias or disqualification of an arbitrator therefore does not by itself require the invalidation of an arbitration provision. But here arises again the limitation created by § 18 of the Pennsylvania statute in defining "court" as the common pleas court of the county having jurisdiction of the parties or the subject matter.

At this stage of the proceeding, however, we are not called upon to determine the power of the district court to disqualify the Consulting Engineer or an appointee whom he may designate, or to fill a vacancy.[18] For the attack on the Consulting Engineer is directed only to the validity of the arbitration provision. There has been no application to disqualify the Consulting Engineer and consequently no request that the court fill a vacancy in the office of arbitrator. The appeal before us is from the granting of the stay of proceedings and not from a refusal to disqualify the Consulting Engineer or to appoint a successor to him.

We conclude, therefore, that the stay of the action in the district court pending arbitration was appropriate.

The judgment of the district court will be affirmed.

---

16. 9 U.S.C. § 5.

17. 5 Purdon's Pa.Stat.Annot. § 164.

18. See Formigli Corp. v. Alcar Builders, Inc., 236 F.Supp. 586 (E.D.Pa.1964).