### Gregory STYRON

v.

### STATE FARM MUTUAL INSURANCE COMPANY.

**Civ. A. No. 85–5385.**

United States District Court, E.D. Pennsylvania.

Sept. 12, 1986.

Stuart D. Fiel, Philadelphia, Pa., for plaintiff.

James K. Brengle, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff, Gregory Styron, is seeking coverage as an "insured" under an uninsured motorist policy issued by defendant to Edward Styron, plaintiff's father. Plaintiff brought this action in state court to compel arbitration pursuant to the policy's arbitration clause and to appoint arbitrators. Defendant removed the case to federal court. Plaintiff moved to remand contending that actions to compel arbitration are not civil actions and thus not removable. Because actions to compel arbitration are civil actions and thus generally removable, I denied plaintiff's motion by order dated February 21, 1986. I now reconsider plaintiff's motion to remand on jurisdictional grounds, which a court may raise at any time without a motion by the parties.

The arbitration clause in the insurance policy binds "the insured" and the defendant and provides that the Pennsylvania Uniform Arbitration Act, 42 Pa. Cons.Stat. Ann. § 7301 *et seq.* (Purdon 1982) shall apply. The definition provisions of that act vest jurisdiction in the "Courts of this Commonwealth." *See* 42 Pa. Cons.Stat.Ann. § 7318. *See also Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Commission,* 387 F.2d 768, 772 (3d Cir. 1967) (exclusive jurisdiction of predecessor arbitration act within Pennsylvania state courts). Thus, if plaintiff is an "insured," the parties are bound by the arbitration agreement to proceed in state court, I may not exercise jurisdiction, and must remand this action. On the other hand, if plaintiff is not an insured, the parties are not bound by the arbitration clause to proceed in state court, I may exercise jurisdiction in this action, and can consider defendants pending motions. The parties dispute whether plaintiff is an insured.

The party asserting jurisdiction bears the burden of proving any facts necessary to show that jurisdiction exists. Here, the defendant, who removed this action to federal court, must shoulder this burden by showing that plaintiff is not an insured and thus not bound by the arbitration clause to proceed in state court.

In this case, defendant has moved to dismiss for failure to state a claim on the basis that plaintiff is not an insured under

the policy. Defendant incorporates other matters in his motion and requests that it be treated as a motion for summary judgment. Thus, defendant presumably has presented everything it considers necessary for me to decide this issue in its favor. Defendant, however, has produced no evidence refuting plaintiff's claim, supported by his father's sworn statement, that he is an insured under the policy because he was a relative residing with his father, the policyholder, on the date of the accident.

Defendant has had the opportunity to prove the facts necessary to show jurisdiction in this court and has failed to sustain his burden of proof. Consequently, I must remand this action to state court and may not consider defendant's pending motions.