[No. A063471. First Dist., Div. Five. Nov. 18, 1994.]

LEO STRAUCH et al., Plaintiffs and Respondents, v.
PHILIP EYRING et al., Defendants and Appellants.

**COUNSEL**

Edward W. Polson and Virginia L. Ekelund for Defendants and Appellants.

Richard B. Glickman and Geoffrey C. Rushing for Plaintiffs and Respondents.

**OPINION**

**KING, J.—**

## I. INTRODUCTION

In this case we hold that a petition to compel arbitration may not be denied on the ground of fraud alleged in an unverified pleading, but only upon evidentiary support by an affidavit or declaration under penalty of perjury submitted in opposition to the petition.

## II. BACKGROUND

Leo Strauch and the Milton Strauch Family Trust (hereafter Strauch) sued five individual and corporate real estate brokers for breach of fiduciary duty, negligence, negligent misrepresentation and violation of California's securities laws. The unverified complaint alleged the following: In 1991, defendants acted as Strauch's fiduciaries in arranging Strauch's purchase of two Oregon nursing homes in an unsuccessful attempt at a "like kind exchange" (26 U.S.C. § 1031) for property in Walnut Creek. The arrangement called for a leaseback of the nursing homes, with the sellers to make payments on existing mortgages. Thereafter, the sellers, who turned out to be insolvent, defaulted on the lease and mortgage payments, and the mortgagor foreclosed. Strauch lost the money paid toward the purchase, and also incurred foreclosure expenses, accounting fees and increased taxes.

Defendants filed a petition to compel arbitration (Code Civ. Proc., § 1281.2) based on a "letter agreement" signed by the parties on December 30, 1991. The agreement provided, among other things, that defendants would reimburse Strauch's cash investment from commissions they earned in future nursing home transactions (if any). The agreement limited defendants' liability in any connected litigation between the parties to the amount of Strauch's original investment, and it provided that one of the defendants would make a loan to Strauch to finance litigation against the sellers. The agreement also stated, "Any disputes concerning this letter agreement shall be submitted to binding arbitration to the American Arbitration Association."

Strauch opposed the petition on two theories: fraud directed at the arbitration clause, and fraud permeating the entire letter agreement. (See generally, *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 323, & fn. 8 [197 Cal.Rptr. 581, 673 P.2d 251].) In support of these theories, Strauch filed an amended complaint, again unverified, which added allegations that defendants had obtained Strauch's signature on the letter agreement through the following misrepresentations: (1)

defendants "falsely represent[ed] to plaintiffs that they used reasonable care in the [nursing home] transaction" and "represented that they had no liability to plaintiffs"; (2) "defendants failed to disclose the conduct giving rise to plaintiffs' claims"; (3) "defendants failed to disclose [the] effect of arbitration on plaintiffs' claims, including that plaintiffs might lose [the] right to discovery and appeal"; and (4) "defendants failed to disclose [the] nature and extent of damages recoverable by plaintiffs."

Defendants replied that Strauch had presented no evidentiary support—but only the unverified amended complaint—for the assertion of fraud. They also argued the fraud theories on the merits.

The court denied the petition to compel arbitration. The court's written order included a statement of decision explaining, "The Court finds that because of the fiduciary relationship assumed by the parties the alleged fraud permeates the entire settlement agreement sufficiently to obviate the arbitration clause."

## III. DISCUSSION

■ Defendants correctly contend the court erred in denying the petition on the ground of fraud, for want of any supporting evidence. A petition to compel arbitration is to be heard in the manner of a motion. (Code Civ. Proc., § 1290.2.) Factual issues on motions are submitted on affidavits or declarations (or oral testimony in the court's discretion). (Code Civ. Proc., § 2009; *Haldane* v. *Haldane* (1962) 210 Cal.App.2d 587, 593 [26 Cal.Rptr. 670].) Strauch submitted no evidence, via affidavit or declaration, in support of the factual allegations of fraud. Thus, the court's unsupported finding that the arbitration clause was obviated by fraud cannot stand.

Strauch relies on three decisions purportedly holding that mere allegations of fraud, unsupported by evidence, were sufficient to overcome petitions to compel arbitration. (*Rice* v. *Dean Witter Reynolds, Inc.* (1991) 235 Cal.App.3d 1016, 1027 [1 Cal.Rptr.2d 265]; *Strotz* v. *Dean Witter Reynolds, Inc.* (1990) 223 Cal.App.3d 208, 210, fn. 1 [272 Cal.Rptr. 680]; *Main* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1977) 67 Cal.App.3d 19, 28, 33 [136 Cal.Rptr. 378].)

Each of those cases involved interstate commerce and thus invoked the federal Arbitration Act (9 U.S.C. § 1 et seq.). Section 4 of the Arbitration

Act provides the right to a *jury trial* on the issue whether a valid agreement to arbitrate exists. (9 U.S.C. § 4.)[1]

In *Main* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, *supra*, 67 Cal.App.3d at page 24, the court noted that under section 4 of the Arbitration Act the validity of an agreement to arbitrate is determined by jury trial rather than on affidavits or declarations. The validity issue, however, was presented by a petition to compel arbitration, and the appellate court held that no affidavit or declaration was necessary because the issue under the circumstances of that case was one of law, not fact. (*Id.* at p. 28, fn. 2.) The court commented, "We apprehend that an affidavit or declaration is necessary when factual issues are tendered in connection with a motion to compel arbitration." (*Ibid.*) Thus, if anything, *Main* supports the defendants' position.

In *Strotz* v. *Dean Witter Reynolds, Inc.*, *supra*, 223 Cal.App.3d at page 210, footnote 1, the court noted the jury trial provision of the Arbitration Act, and quoted language in *Main* stating that under the Arbitration Act the validity issue is determined by trial rather than on affidavits or declarations. The *Strotz* court concluded, "Accordingly, in ruling on a petition to compel arbitration, the court should merely determine whether plaintiff has alleged sufficient facts of fraud directed at the making of the arbitration agreement *to warrant a trial* on the issue of the validity of the agreement." (*Ibid.*, italics added.)

*Strotz*, therefore, suggests that in state court proceedings under the Arbitration Act, the validity issue is determined by jury trial rather than on affidavits or declarations. But on that point *Strotz* is wrong. In the period between *Main* and *Strotz*, the United States Supreme Court held that the *substantive* provisions of sections 1 and 2 of the Arbitration Act apply in state court proceedings. (*Southland Corp.* v. *Keating* (1984) 465 U.S. 1, 12, 16, fn. 10 [79 L.Ed.2d 1, 13, 15, 104 S.Ct. 852].) In contrast, the *procedural* provisions of sections 3 and 4 of the Arbitration Act only apply, by their express terms, to proceedings in federal court, and have not been held applicable in state courts. (*Volt Info. Sciences* v. *Leland Stanford Jr. U.* (1989) 489 U.S. 468, 477, fn. 6 [103 L.Ed.2d 488, 499, 109 S.Ct. 1248].) This means that the right to a jury trial on the validity issue, set forth in section 4 of the Arbitration Act, does not apply in state court proceedings. In

[1]Strauch contends, and defendants deny, that this case involves interstate commerce and thus invokes the Arbitration Act. That is a factual issue which has not yet been litigated below and cannot be determined for the first time on appeal. (*Goodwin* v. *Elkins & Co.* (3d Cir. 1984) 730 F.2d 99, 109; *Merritt-Chapman & Scott Corp.* v. *Pennsylvania Turn. Com'n* (3d Cir. 1967) 387 F.2d 768, 772.)

California, the validity issue is determined upon a petition to compel arbitration.[2]

In *Rice* v. *Dean Witter Reynolds, Inc., supra,* 235 Cal.App.3d at page 1027, the court said *Strotz* supports the position that "mere allegations unsupported by evidence are sufficient to trigger a judicial determination of the fraud issue." However, the court concluded that even if evidence of fraud is required, it was presented in that case. (*Id.* at p. 1028.) Thus, *Rice* acknowledged *Strotz* but did not depend upon or endorse it, and provides little support for Strauch.

These three decisions, therefore, do not help Strauch. Any notion that affidavits or declarations are not required in an adjudication of the validity issue on a petition to compel arbitration is founded in the incorrect premise that the issue is decided in a subsequent jury trial. That is true only under section 4 of the federal Arbitration Act, which does not apply in state court proceedings.

We believe that if arbitration is to be denied based on a factual determination of fraud upon a petition to compel arbitration, there should be some evidentiary basis for that determination. Strauch having failed to present supporting affidavits or declarations, such evidentiary basis is absent here. Were the rule otherwise—if arbitration could be denied on the ground of fraud based solely on allegations lacking any evidentiary support—then virtually anyone could avoid arbitration simply by making unsubstantiated allegations of fraud. This would utterly subvert California's "strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution." (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc.* v. *100 Oak Street, supra,* 35 Cal.3d at p. 322.)

██ ██ Even if Strauch's amended complaint had been verified, we believe the requisite evidentiary showing would be absent. Although there are exceptions, such as for preliminary injunction purposes (Code Civ. Proc., § 527), a verified pleading may not be used in motion proceedings in lieu of affidavits or declarations, "because pleadings usually contain allegations of 'ultimate facts' rather than 'evidentiary facts.'" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (3 The Rutter Group 1994) ¶ 9:49, p. 9(I)-20.)

---

[2]*Strotz* also commented that "neither the federal Arbitration Act nor our comparable state procedure for a petition to compel arbitration (Code Civ. Proc., §§ 1281-1281.8) specifically requires that the grounds for invalidating an arbitration agreement be contained in a complaint or alternatively, that they be set forth in declarations in opposition to the petition." (*Strotz* v. *Dean Witter Reynolds, Inc., supra,* 223 Cal.App.3d 208, 219, fn. 10.) This comment overlooks Code of Civil Procedure section 1290.2, which requires the petition to be heard "in the manner . . . for the making and hearing of motions," and Code of Civil Procedure section 2009, which provides for the use of an affidavit "upon a motion."

We conclude that the trial court erred by denying the petition on the ground of fraud without any evidentiary support.[3] For this reason, the order denying the petition must be reversed, and the cause remanded for determination of the petition in the manner of a hearing on a motion—i.e., upon affidavits or declarations on Strauch's theories of fraud.[4]

## IV. DISPOSITION

The order denying the petition to compel arbitration is reversed, and the cause is remanded for redetermination of the petition in a manner consistent with this opinion. Defendants shall recover their costs on appeal.

Peterson, P. J., and Haning, J., concurred.

---

[3]Defendants also challenge Strauch's fraud theories on the merits. Because we do not know the facts, however, for want of an evidentiary record, we cannot presently decide the merits of those theories.

[4]Strauch argues that if we so hold, we will be creating a new rule that should not be applied retroactively in this case. But the general rule is that judicial decisions are given retroactive effect; narrow exceptions are made when there are compelling considerations of fairness and public policy. "[C]ourts have looked to the 'hardships' imposed on parties by full retroactivity, permitting an exception only when the circumstances of a case draw it apart from the usual run of cases." (*Newman* v. *Emerson Radio Corp.* (1989) 48 Cal.3d 973, 983 [258 Cal.Rptr. 592, 772 P.2d 1059].) Retroactive application of our holding in this case causes no unfairness or hardship to Strauch, for our remand order gives him the opportunity to make the required evidentiary showing. Thus, there is no basis for departing from the general rule of retroactivity.