Filed 5/14/14

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ORION COMMUNICATIONS, INC., et al., <br><br> Petitioners, <br><br> v. <br><br> THE SUPERIOR COURT OF SAN DIEGO COUNTY, <br><br> Respondent; <br><br> SAMEIS HOLDINGS, LLC, <br><br> Real Party in Interest. | D064979 <br><br> (San Diego County Super. Ct. No. 37-2009-00087082-CU-BT-CTL) |

PETITION for writ of mandamus challenging order of the Superior Court of San Diego County, Timothy B. Taylor, Judge. Petition granted.

Chapin Fitzgerald, Kenneth M. Fitzgerald and Jennifer Arnold for Petitioner Orion Communications, Inc.

Moscone Emblidge Sater & Otis, G. Scott Emblidge and Matthew K. Yan for Petitioners City of San Diego and TEGSCO, LLC.

No appearance for Respondent.

Broker & Associates and Jeffrey W. Broker for Real Party in Interest.

Orion Communications, Inc., TEGSCO, LLC, doing business as San Francisco AutoReturn, and City of San Diego (together Orion) filed a petition for writ of mandamus challenging an order granting a Code of Civil Procedure[1] section 170.6 peremptory challenge filed by Sameis Holdings, LLC (Sameis) after Orion filed a motion to add Sameis as a judgment debtor along with the original judgment debtor, Dispatch & Tracking Solutions, LLC (DTS). Orion contends the trial court erred by granting the section 170.6 peremptory challenge because Sameis is not a party to the action within the meaning of section 170.6. Orion alternatively contends that because DTS previously filed a section 170.6 peremptory challenge and there is insufficient evidence to support a finding that the interests of DTS and Sameis are substantially adverse, the one challenge per side rule applies to bar a subsequent section 170.6 peremptory challenge by Sameis. Because we agree with Orion's second contention, we grant the petition.

FACTUAL AND PROCEDURAL BACKGROUND[2]

In 2009, Authorized City Towing and other plaintiffs (together ACT) filed a first amended complaint against the City of San Diego (City), TEGSCO, LLC, doing business

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] Because the factual and procedural background of the main civil action is not material to our disposition of the instant petition, we provide only a brief summary of the facts and procedural events in the action.

as AutoReturn (AutoReturn), DTS and other defendants, apparently arising out of City's 2008 decision to terminate its contract with ACT for a computer-based system for managing the towing of vehicles, and instead award the contract to AutoReturn.

In 2011, DTS filed a first amended cross-complaint against Orion, and other cross-defendants alleging causes of action for misappropriation of trade secrets. In January 2012, DTS filed a section 170.6 peremptory challenge to San Diego County Superior Court Judge Gonzalo Curiel. The challenge was granted and the case was reassigned to San Diego County Superior Court Judge Timothy Taylor. Thereafter, the trial court (Judge Taylor) granted Orion's motions for summary judgment on DTS's cross-complaint. The court also awarded Orion Communications, Inc., attorney fees of $120,000 and City and AutoReturn attorney fees of $450,000 pursuant to Civil Code section 3426.4. On February 28, 2013, the trial court entered an amended judgment reflecting its summary judgment and awards of attorney fees against DTS.

Apparently after unsuccessful efforts to enforce the judgment against DTS, Orion filed a motion to amend the judgment to add Sameis as a judgment debtor. Orion argued Sameis was the alter ego of DTS and was liable as the successor to DTS's business. Sameis filed its opposition to the motion.

On or about November 1, 2013, Sameis filed a section 170.6 peremptory challenge to Judge Taylor, asserting it was a proposed party in the action under the motion to amend and stating its belief a fair and impartial trial or hearing could not be had before him. Orion filed its opposition to the peremptory challenge, asserting Sameis was not a party to the action and therefore could not make a challenge under section 170.6. Orion

3

alternatively asserted that even were Sameis a party to the action, Sameis was on the same side as DTS and, because DTS had already exercised its side's only section 170.6 peremptory challenge, there was no remaining peremptory challenge available.

On November 6, 2013, the trial court issued the instant order (Order) granting Sameis's section 170.6 peremptory challenge. The court stated: "There is much to recommend the position taken by Orion in this matter. . . . [S]ection 170.6 challenges appear to be limited to parties to the action." However, citing our failure to immediately deny a writ petition in another case involving a similar peremptory challenge (*Geraci v. Superior Court* (D064812)), the trial court apparently concluded Sameis may be considered a party under section 170.6 and granted the peremptory challenge. In so doing, the court did not expressly address Orion's alternative assertion that Sameis was on the same side as DTS and therefore there was no peremptory challenge left for its side to make.

Orion filed the instant petition for writ of mandamus, challenging the Order. It also filed a motion requesting that we take judicial notice of (1) our summary denial of the *Geraci* writ petition in Case No. D064812 on November 7, 2013, and (2) papers filed in a pending action between Sameis and Orion in the Texas courts.[3] Sameis filed a

---

3    We grant Orion's request that we take judicial notice of the *Geraci* order and deny its request to take judicial notice of papers filed in the Texas proceeding. (Evid. Code, §§ 451, subd. (a), 452, subd. (c), 459, subd. (a).) Except for the *Geraci* order, we have restricted our review of the exhibits submitted by both parties to those exhibits presented to and considered by the trial court in deciding Sameis's peremptory challenge. In so doing, we have disregarded all other exhibits in deciding the merits of this case and therefore decline to take the additional action of striking certain exhibits from the record.

preliminary opposition to the petition. We issued an order to show cause why the relief requested in the petition should not be granted. Because Sameis did not timely file an objection, we consider its preliminary opposition to be its return to the order to show cause.

## DISCUSSION

### I

*Section 170.6 Peremptory Challenges Generally*

"[S]ection 170.6 permits a party to an action or proceeding to disqualify a judge for prejudice based on a sworn statement, without having to establish prejudice as a fact to the satisfaction of a judicial body. [Citation.] If a peremptory challenge motion in proper form is timely filed under section 170.6, the court must accept it without further inquiry." (*Stephens v. Superior Court* (2002) 96 Cal.App.4th 54, 59.)

"The right to exercise a so-called peremptory challenge against a judge is a creation of statute--it did not exist in the common law predating enactment of section 170.6." (*The Home Ins. Co. v. Superior Court* (2005) 34 Cal.4th 1025, 1031 (*Home Ins.*).) Section 170.6 provides:

> "(a)(1) A judge, court commissioner, or referee of a superior court of the State of California shall not try a civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it is established as provided in this section that the judge or court commissioner is prejudiced against a party or attorney or the interest of a party or attorney appearing in the action or proceeding.

(*People v. Superior Court* (*Lavi*) (1993) 4 Cal.4th 1164, 1173-1174, fn. 5; *People v. Zamora* (1980) 28 Cal.3d 88, 96.)

"(2) A party to, or an attorney appearing in, an action or proceeding may establish this prejudice by an oral or written motion without prior notice supported by affidavit or declaration under penalty of perjury, or an oral statement under oath, that the judge, court commissioner, or referee before whom the action or proceeding is pending, or to whom it is assigned, is prejudiced against a party or attorney, or the interest of the party or attorney, so that the party or attorney cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judge, court commissioner, or referee. . . . [¶] . . . [¶]

"(4) If the motion is duly presented, and the affidavit or declaration under penalty of perjury is duly filed or an oral statement under oath is duly made, thereupon and without any further act or proof, the judge supervising the master calendar, if any, shall assign some other judge, court commissioner, or referee to try the cause or hear the matter. . . . Except as provided in this section, no party or attorney shall be permitted to make more than one such motion in any one action or special proceeding pursuant to this section. *In actions* or special proceedings *where there may be* more than one plaintiff or similar party or *more than one defendant or similar party appearing in the action* or special proceeding, *only one motion for each side may be made in any one action or special proceeding*." (Italics added.)

"[S]ection 170.6 is designed to prevent abuse by parties that merely seek to delay a trial or obtain a more favorable judicial forum. [Citations.] An important element of that design is the limitation, in any one action, of each party to a single motion, or each side to a single motion, should there be more than one plaintiff or defendant. (§ 170.6, subd. [(a)(4)].) The phrase 'only one motion for each side' contemplates that one side may consist of several parties, and a peremptory challenge by any party disqualifies the judge on behalf of all parties on that side. [Citation.] This limitation also reflects the general aim of the legislation to strike a balance between the needs of litigants and the operating efficiency of the courts. [Citation.] [¶] To effectuate the Legislature's intent, our courts

6

'have been vigilant to enforce the statutory restrictions on the number and timing of motions permitted.' " (*Home Ins.*, *supra*, 34 Cal.4th at pp. 1032-1033.) To effectuate that intent, our courts have held "when a party on the same side has exercised its right to disqualify a judge, a late-appearing party 'has no right to challenge the then-current judge[,] because that side has used its one challenge.' " (*Id*. at p. 1033.)

Nevertheless, in certain circumstances, section 170.6 permits the exercise of a peremptory challenge by more than one plaintiff or defendant. (*Home Ins., supra,* 34 Cal.4th at pp. 1033-1034.) In *Johnson v. Superior Court* (1958) 50 Cal.2d 693, at page 700, the court interpreted section 170.6's one challenge per side limitation and concluded a party may be considered to be on a different side than other parties with which it is joined when the joined parties have interests that are "substantially adverse." In *Pappa v. Superior Court* (1960) 54 Cal.2d 350, at page 354, the court concluded that after one codefendant disqualified the judge pursuant to section 170.6, the burden was on the party (i.e., the other codefendant) seeking to exercise a subsequent peremptory challenge to establish that her interests were substantially adverse to those of the first codefendant. "Subsequent civil and criminal decisions . . . uniformly have recognized that the party seeking a subsequent disqualification of the trial judge has the burden of demonstrating that its interests are substantially adverse to those of a coparty that previously exercised a peremptory challenge--substantially adverse interests are not presumed." (*Home Ins., supra*, 34 Cal.4th at p. 1035.)

The question whether joined parties (e.g., codefendants) are on the same side within the meaning of section 170.6 is a factual one. (*Home Ins.*, *supra*, 34 Cal.4th at

7

p. 1036.) "[A] party that seeks to exercise a subsequent peremptory challenge on the ground that, in effect, it is on a different side from another party despite appearances to the contrary, is required to provide *evidence* of a conflict to enable the trial court to decide whether the interests of the joined parties are actually substantially adverse." (*Id.* at p. 1037, italics added.) "[T]he circumstance that the plaintiff belatedly names a party as a defendant [does not] establish that that party's interests are substantially adverse to earlier named defendants." (*Ibid.*) In *Home Ins.*, the court concluded: "The mere likelihood of, or potential for, a conflict between the [joined parties] did not and could not establish, in lieu of a factually sufficient demonstration of substantially adverse interests, that these coparties were on different sides within the meaning of section 170.6." (*Ibid.*)

II

*Insufficient Evidence to Show Sameis and DTS Are Not on the Same Side*

Orion contends the trial court erred by granting Sameis's section 170.6 peremptory challenge because Sameis did not present sufficient evidence showing it is not on the same side as DTS for purposes of section 170.6's one challenge per side limitation.

A

On the first page of Sameis's section 170.6 peremptory challenge, its attorney, Jeffrey W. Broker, declared under penalty of perjury that Judge Taylor was prejudiced against Sameis, or its attorney, or the interests of Sameis or its attorney, such that Sameis believes a fair and impartial trial or hearing could not be had before Judge Taylor. The second and third pages of its section 170.6 peremptory challenge were *not* part of

8

Broker's declaration under the penalty of perjury, but instead consisted, in effect, of

Broker's *arguments* regarding why Sameis should be able to make a section 170.6

challenge.  Broker argued that:

> "3.  Sameis anticipates that it may be argued that its interests are not substantially adverse to those of DTS.  Such an argument is incorrect for the following reasons: [¶] . . . [¶]
>
> "B.  Sameis did not legally exist when this litigation was filed. Sameis is a bona fide purchaser for value having bought the assets of DTS and Compiled Logic from the foreclosing bank.  Sameis has never owned DTS'[s] interests in the subject litigation.  Sameis has never been a party to this litigation;
>
> "C.  The conflicts between Sameis and DTS are substantial enough that Sameis must be represented by separate counsel due to conflicts of interest; and
>
> "D.  DTS remains a defendant in the subject litigation under [Orion's] complaint.  It is undisputed that those claims do not relate in any way to Sameis.  In fact, the adverse claims that remain against DTS and Defendant Lawrence Estes are substantially adverse to any position Sameis would ever reasonably adopt in this litigation.
>
> "4.  <u>Sameis'[s] interests have been adverse to DTS since the date Sameis acquired DTS's former assets from the bank</u>: On August 4, 2010, Sameis purchased the assets previously owned by DTS from Encore Bank, National Association.  A true and correct copy of the Bill of Sale and Transfer Statement is attached as **Exhibit '1'**.  The Bill of Sale memorializes that Sameis paid $37,500 for the personal property assets of DTS, which assets Encore Bank had recently foreclosed upon, after DTS and its sole member[,] Compiled Logic, defaulted on loan obligations owing to Encore Bank. Exhibit A to the Bill of Sale (EX. 1) lists all of the categories of personal property formerly owned by DTS that Sameis acquired from the Bank.  <u>This list of assets does not include the present lawsuit</u>.  The present lawsuit never left DTS and DTS continues to retain the present lawsuit.  [¶] . . . [¶]
>
> "6.  As of the date that Sameis acquired DTS's assets, the interests of Sameis became substantially adverse to DTS's interests relating to

9

the present lawsuit. The parties' interests were adverse because DTS was a defendant in this lawsuit for conduct occurring prior to when Sameis acquired DTS's assets from the bank, while Sameis was not a party in the lawsuit. Obviously, DTS could not assign to the bank, nor would the bank have foreclosed upon DTS'[s] position as a defendant in this lawsuit. Moreover, DTS retained its interest in its affirmative legal claims for conduct occurring before the August 4, 2010[,] asset purchase, while Sameis had no interest in those claims. On the other hand, the parties' interests were also substantially adverse because as of August 4, 2010, Sameis owed 100% of the assets formerly owned by DTS, while DTS and Compiled Logic lost all interest in these assets as a result of the foreclosure.

"7. Through their recently filed motion to amend the judgment to include Sameis as a judgment debtor, Orion contends that DTS is Sameis'[s] alter ego, or that Sameis is DTS'[s] successor, such that Sameis should also be liable for the judgment in this matter. Sameis'[s] primary interest is that alter ego and/or successor liability not be imposed against it, because such finding(s) could make Sameis a judgment debtor and co-obligor in this action. By contrast, DTS, as sole judgment debtor, would directly benefit from a finding that DTS is Sameis'[s] alter ego, or that Sameis is the successor of DTS, because such finding(s) would potentially create an additional source of funds from which the judgment against DTS could be satisfied. As a result, DTS's and Sameis'[s] interests are in direct conflict. Indeed, the divergent interests present such a substantial conflict of interests between Sameis and DTS that they must retain separate counsel. It is clear that Sameis already has affirmative claims against DTS should it chose to pursue those claims."

Orion opposed Sameis's section 170.6 peremptory challenge, arguing Sameis was not a party to the action and therefore could not make a challenge under section 170.6. Orion noted that Sameis admitted in its challenge "Sameis has never been a party to this action." Orion alternatively argued that even were Sameis a party to the action, it was on the same side as DTS in the action. On January 25, 2012, DTS exercised its side's only section 170.6 peremptory challenge when it challenged Judge Curiel. Therefore, there was no remaining peremptory challenge for Sameis to make. Orion argued Sameis had

10

*not* met its burden to show that it and DTS have substantially adverse interests and therefore are not on the same side. On the contrary, as Orion argued, the interests of Sameis and DTS are closely aligned.

The trial court issued the Order granting Sameis's section 170.6 peremptory challenge. However, in so doing, the court relied on Sameis's apparent status as a party to the action and did not expressly address Orion's alternative assertion that Sameis was on the same side as DTS and therefore there was no peremptory challenge left for its side to make.

B

Based on our review of the record, we conclude, as Orion asserts, the trial court erred by granting Sameis's section 170.6 peremptory challenge because Sameis did not present sufficient evidence showing it is not on the same side as DTS for purposes of section 170.6's one challenge per side limitation. In filing a section 170.6 peremptory challenge, Sameis, as a potential judgment debtor along with DTS, had the burden to present evidence showing it and DTS have substantially adverse interests with respect to the motion to amend the judgment in the action. (*Home Ins.*, *supra*, 34 Cal.4th at p. 1037; *People v. Escobedo* (1973) 35 Cal.App.3d 32, 41 [no conflict shown between two defendants regarding motion to suppress evidence].) It is a question of fact whether two joined parties are on the same side for purposes of section 170.6 or whether they

11

have substantially adverse interests.[4] (*Home Ins., supra*, 34 Cal.4th at p. 1036.) Although the Order did not contain any express discussion of the issue, we conclude the trial court, by granting the peremptory challenge, implicitly found Sameis and DTS have substantially adverse interests and are not on the same side for purposes of section 170.6's one challenge per side limitation. Because that finding was based on the undisputed facts set forth in Sameis's peremptory challenge, we determine de novo, or independently, whether the trial court erred in so finding.[5] (*Ziesmer v. Superior Court* (2003) 107 Cal.App.4th 360, 363; *Jane Doe 8015 v. Superior Court* (2007) 148 Cal.App.4th 489, 493 [independent standard of review applies because "the correctness of the disqualification order turns on the application of law to undisputed facts"].)

Our independent review of Sameis's evidence shows it did *not* meet its burden to present sufficient evidence showing it and DTS have substantially adverse interests. Our review of the record shows the only proper evidence presented by Sameis in its section 170.6 peremptory challenge is, as Orion asserts, the statements set forth in Broker's declaration under penalty of perjury. (§ 2015.5 [regarding declarations]; Cal. Rules of

---

[4] For purposes of this opinion, we assume arguendo, but do not decide, that Sameis is considered a party to the action within the meaning of section 170.6.

[5] Although there are cases that pronounce the abuse of discretion standard of review applies to a court's grant or denial of a section 170.6 peremptory challenge, we believe, in the circumstances of this case, the trial court did not have any discretion to exercise in determining whether Sameis presented sufficient evidence to show it and DTS have substantially adverse interests and therefore are not on the same side within the meaning of section 170.6. (See, e.g., *Zilog, Inc. v. Superior Court* (2001) 86 Cal.App.4th 1309, 1315; *Jonathon M. v. Superior Court* (2006) 141 Cal.App.4th 1093, 1098.)

12

Court, rule 3.1306(a) [regarding evidence allowed at law and motion hearings]; *Strauch v. Eyring* (1994) 30 Cal.App.4th 181, 186 [verified pleadings generally may not be used in motion proceedings in lieu of affidavits or declarations]; *In re Marriage of Reese & Guy* (1999) 73 Cal.App.4th 1214, 1222-1223 [unsworn declarations are improper and cannot be considered].) However, that declaration states only Sameis's belief that a fair and impartial trial or hearing cannot be held before Judge Taylor because he is prejudiced against it or its attorney or their interests. That declaration does not present any evidence on the question of whether Sameis and DTS have substantially adverse interests and therefore are not on the same side. The California Supreme Court has stated: "[A] party that seeks to exercise a subsequent peremptory challenge on the ground that, in effect, it is on a different side from another party despite appearances to the contrary, is required to provide *evidence* of a conflict to enable the trial court to decide whether the interests of the joined parties are actually substantially adverse." (*Home Ins. Co.*, *supra*, 34 Cal.4th at p. 1037, italics added.)

The arguments and factual assertions made in Sameis's section 170.6 peremptory challenge appearing on the pages following Broker's declaration (i.e., those labeled as pages 2 and 3) are not evidence, but rather merely argument on the issue. (See § 2015.5 [regarding declarations]; Cal. Rules of Court, rule 3.1306(a) [regarding evidence allowed at law and motion hearings]; cf. *Strauch v. Eyring*, *supra*, 30 Cal.App.4th at p. 186; *In re Marriage of Reese & Guy*, *supra*, 73 Cal.App.4th at pp. 1222-1223 [unsworn declarations are improper and cannot be considered].) Absent any evidence on that question, we conclude Sameis did *not* meet its burden to present *evidence* showing it and DTS have

13

substantially adverse interests and therefore are not on the same side within the meaning of section 170.6's one challenge per side limitation. (*Marriage of Reese & Guy,* at pp. 1222-1223.)

Nevertheless, assuming arguendo that Sameis's arguments and factual assertions appearing on pages 2 and 3 of its section 170.6 peremptory challenge, as quoted above, constitute evidence for purposes of its peremptory challenge, we conclude none of those arguments or factual assertions show Sameis and DTS have substantially adverse interests and therefore are not on the same side for purposes of section 170.6's one challenge per side limitation. Sameis's assertion that it did not exist when the underlying action was filed does not show it is not on the same side as DTS or that they have substantially adverse interests. The California Supreme Court stated: "[T]he circumstance that the plaintiff belatedly names a party as a defendant [does not] establish that that party's interests are substantially adverse to earlier named defendants." (*Home Ins.*, *supra*, 34 Cal.4th at p. 1037.) Therefore, the fact Sameis was not incorporated and therefore could not become a party or potential party by joinder or otherwise until after ACT's action was filed does not show it and DTS have substantially adverse interests.

The fact Sameis purchased from a foreclosing bank certain assets previously owned by DTS, but not DTS's interest in its cross-complaint in the action, does not show Sameis and DTS have substantially adverse interests in relation to the action or to Orion's motion to amend the judgment to add Sameis as a judgment debtor. DTS presumably had lost all right, title and interest in and to those assets prior to Sameis's purchase of those assets from the foreclosing bank. Therefore, Sameis's ownership of those assets is

14

irrelevant to the question of whether it and DTS have substantially adverse interests in the action and in Orion's motion to amend the judgment to add Sameis as a judgment debtor. Because DTS no longer has any interest in those assets, there can be no conflict with Sameis based on Sameis's ownership of those assets and, in particular, regarding the motion to amend.[6]

The fact "Sameis has never been a party to this litigation" does not show it and DTS have substantially adverse interests. As we discussed above, when a plaintiff belatedly names a party as a defendant, that does not show that party's interests are substantially adverse to earlier named defendants. (*Home Ins.*, *supra*, 34 Cal.4th at p. 1137.) Likewise, the fact Sameis has not yet been named a party to the action does not show its interests are substantially adverse to DTS's interests.

The fact Sameis and DTS have separate counsel because of conflicts of interest does not show they have substantially adverse interests in the action and motion to amend. Section 170.6, subdivision (a)(4), provides that joined parties, such as codefendants, generally will be considered to be on the same side for purposes of its one challenge per side limitation. Therefore, it is presumed that Sameis, a proposed party and judgment debtor, and DTS, an existing party and judgment debtor, are on the same side. It was Sameis's burden to present evidence showing it and DTS have, in fact, substantially adverse interests in the action and motion to amend. Sameis's conclusory

---

[6]    Likewise, the fact DTS retained its cross-claims against other codefendants in the action and Sameis has no interest in those cross-claims does not show they have substantially adverse interests in the action or the motion to amend.

15

assertion that it and DTS have separate counsel because of conflicts of interest is insufficient to meet that burden. Sameis did not describe the nature of the conflict of interest, much less that it involves a conflict in the specific matter at hand--i.e., the motion to amend. The California Supreme Court has stated: "[T]he mere fact that [codefendants] choose to be represented by separate counsel does not show that [a section 170.6] conflict of interests exists." (*Pappa v. Superior Court*, *supra*, 54 Cal.2d 350, 355.) Therefore, the fact Sameis and DTS chose to have separate counsel because of some unspecified conflict of interest does not show they have substantially adverse interests. Furthermore, the mere likelihood of, or potential for, a conflict between Sameis and DTS did not, and could not, establish they are on different sides within the meaning of section 170.6. (*Home Ins.*, *supra*, 34 Cal.4th at p. 1037.)

Sameis argues the adverse claims that remain against DTS in the action do not relate to Sameis, and those claims are adverse to any position Sameis would adopt in the action. That argument is irrelevant to Orion's motion to amend the judgment to add Sameis as a judgment debtor, the only part of the action for which there could be an existing conflict of interest under section 170.6, subdivision (a)(4). (*People v. Escobedo*, *supra*, 35 Cal.App.3d at p. 41.) Furthermore, there is no indication Sameis will be added as a codefendant in ACT's action against Orion, DTS and the other defendants, or that, even if it was added, that Sameis's interests would actually be substantially adverse to DTS or the other codefendants.

Sameis also argues it and DTS have substantially adverse interests in the motion to amend because if it (Sameis) is added as a judgment debtor, DTS would benefit by

16

potentially being relieved from paying all or part of the judgment. However, the fact that codefendants may be jointly liable for a judgment against them is insufficient to show they have substantially adverse interests for purposes of section 170.6, subdivision (a)(4). As discussed above, section 170.6, subdivision (a)(4), provides that joined parties, such as codefendants, generally will be considered to be on the same side for purposes of its one challenge per side limitation. If codefendants are presumed to be on the same side, the fact that codefendants may ultimately become jointly liable as judgment debtors should not make any difference. The "side" of codefendants bears the same or similar risk of becoming liable for all or part of a judgment. Therefore, the fact Sameis may be made a judgment debtor along with DTS does not show, by itself, they have substantially adverse interests.

Finally, Sameis argues it "already has affirmative claims against DTS should it [choose] to pursue those claims." However, Sameis does not describe the nature of those claims against DTS. Absent any description of those claims, Sameis has not carried its burden to present evidence showing it and DTS have substantially adverse interests in the action and the motion to amend. Nevertheless, to extent Sameis's argument is that it has, or will have, affirmative claims against DTS should Sameis be made a judgment debtor, those claims are insufficient to show they have substantially adverse interests in the action or motion to amend.

We conclude Sameis has not carried its burden to present sufficient evidence showing it and DTS have substantially adverse interests and therefore are not on the same side within the meaning of section 170.6, subdivision (a)(4). Because Sameis has not

17

carried its burden, section 170.6, subdivision (a)(4)'s limitation applies to Sameis and DTS. As members of the same side, they have only one section 170.6 peremptory challenge to exercise. In January 2012, DTS filed a section 170.6 peremptory challenge to Judge Curiel. That peremptory challenge exhausted its side's sole peremptory challenge. Because Sameis could not thereafter exercise a subsequent section 170.6 peremptory challenge, the trial court (Judge Taylor) erred by granting its peremptory challenge in November 2013.

III

Because we dispose of this petition based on the above ground, we need not, and do not, address Orion's alternative contention that the trial court also erred by concluding Sameis is a party to the action within the meaning of section 170.6.

DISPOSITION

Let a writ issue directing the trial court to vacate its order of November 6, 2013, granting the peremptory challenge and issue a new order denying that challenge. Petitioners shall recover their costs in the writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).) This opinion shall be final as to this court on May 27, 2014. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

McDONALD, J.

WE CONCUR:

NARES, Acting P. J.

AARON, J.

18