Filed 7/21/14  Bachenheimer v. Wells Fargo Bank CA2/5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BETH BACHENHEIMER, Plaintiff and Respondent, v. WELLS FARGO BANK, N.A., Defendant and Appellant. | B251980 (Los Angeles County Super. Ct. No. BC502330) |

APPEAL from an order of the Superior Court of Los Angeles County, Kevin C. Brazile, Judge.  Affirmed.

Jones, Bell, Abbott, Fleming & Fitzgerald, G. Thomas Fleming III, William M. Turner and Kasumi Takahashi for Defendant and Appellant.

Law Offices of John A. Belcher and John A. Belcher for Plaintiff and Respondent.

## I. INTRODUCTION

Defendant, Wells Fargo Bank, N.A., appeals from the September 24, 2013 order denying its motion to compel arbitration. Plaintiff, Beth Bachenheimer, had an investment account with defendant. She subsequently filed a complaint alleging fiduciary duty breach, negligence, and elder abuse after defendant allegedly lost her investment. Defendant moved to compel arbitration. Plaintiff contended defendant failed to present sufficient evidence she had signed any arbitration agreement. The trial court denied defendant's motion to compel arbitration on that ground.

Defendant concedes it does not have the original or a copy of the agreement signed by plaintiff. However, defendant submitted declarations from two individuals who claimed plaintiff could not have opened an account unless she agreed to the arbitration provision. Defendant argues these declarations are sufficient proof of the arbitration agreement between the parties because the original documents were lost or destroyed. We affirm.

## II. BACKGROUND

### A. Plaintiff's Complaint

On March 5, 2013, plaintiff filed her complaint against defendant. Plaintiff alleges she is a dependent adult under Welfare and Institutions Code section 15610.23. She resides in Los Angeles County. Defendant is a nationwide bank with branches throughout the United States. Plaintiff alleges having a significant decline in cognitive and emotional functions because of a traumatic brain injury. Defendant and plaintiff entered into a custodial agreement. Defendant served as trustee and custodian of plaintiff's funds. Plaintiff alleges: defendant invested plaintiff's funds in highly speculative stocks; all of plaintiff's funds were lost; and claims fiduciary duty breach, negligence and elder abuse.

2

## B. Defendant's Motion To Compel Arbitration

On June 28, 2013, defendant filed a motion to compel arbitration which contains the following allegations. On June 3, 2005, plaintiff opened an investment account with Atlas Securities via a fund transfer. She maintained two funds with Atlas Securities—the Atlas Strategic Fund and the Atlas Global Growth Fund. In 2007, Atlas Securities ceased operations. Atlas Global Growth Fund was acquired by Evergreen Investments. Evergreen Investment is the mutual fund affiliate of Wachovia Corporation. The Atlas Global Growth Fund was converted into the Intrinsic World Equity Fund. The shares were held in Wachovia Corporation's clearing firm, First Clearing, LLC.

Defendant submitted a declaration from Sasha Azarmi, a financial advisor employed by defendant in Los Angeles and a former consultant with Wachovia Corporation. Mr. Azarmi declared, "For customer accounts held at First Clearing, all customers were required to enter into a standard form of Wachovia Client Agreement . . . ." The client agreement in effect during this time contained an arbitration provision which provided: "It is agreed that all controversies or disputes which may arise between you and [Wachovia] including controversies or disputes with [Wachovia's] clearing agent (collectively, 'us') concerning any transaction or the construction, performance or breach of this Agreement or any other agreement between us, whether entered into prior to, on, or subsequent to the date of this Agreement, including any controversy concerning whether an issue is arbitrable, shall be determined by arbitration conducted before, and only before, an arbitration panel set up by either the National Association of Securities Dealers, Inc. . . . or the New York Stock Exchange, Inc. . . . in accordance with their respective arbitration procedures." In July of 2010, defendant acquired Wachovia Corporation and its subsidiaries. As a result of the acquisition, the Evergreen Investments funds were converted to a Wells Fargo Advantage Fund.

Defendant also submitted the declaration of Kelly Jelenchick, defendant's client service consultant. Ms. Jelenchick declared the Wells Fargo Advantage Fund sent all former Evergreen Investment customers a new custodial agreement and disclosure in

3

August 2010. She stated, "In the ordinary course of [Wells Fargo Advantage Fund's] business, Plaintiff would have been sent the Custodial Agreement along with the same mailing to other former Evergreen customers." The custodial agreement stated, "Any controversy regarding your Wells Fargo Traditional IRA is subject to arbitration." According to Ms. Jelenchick, the agreement further stated, "The participant acknowledges and agrees to arbitrate controversies as described in other account opening documents."

Defendant filed a demurrer which was sustained as to the financial elder abuse claim. Meanwhile, defendant requested in an e-mail that plaintiff arbitrate her claims pursuant to the arbitration agreement she purportedly signed when she opened her account. Plaintiff's lawyer did not respond to the request to arbitrate.

## C. Plaintiff's Opposition And Defendant's Reply

On September 13, 2013, plaintiff filed her opposition to defendant's motion to compel arbitration. Plaintiff presented no declarations. But plaintiff presented the following argument: defendant never submitted the original paperwork concerning her account with Atlas Securities; there was no showing the original paperwork contained an arbitration provision or an agreement that Atlas Securities could unilaterally modify the contract; and defendant was attempting to demonstrate the arbitration provision was added by mail via a "bill stuff."

Plaintiff also contended defendant's supporting evidence was not competent. Mr. Azarmi admitted he lacked contact with plaintiff. Mr. Azarmi declared: "Although I was listed as Plaintiff Beth Bachenheimer's broker of record on account statements from 2007 through 2009, I did not have any contact with Plaintiff. Plaintiff did not contact me at any time concerning her account and I did not effectuate any transactions in her account." Plaintiff argued the Wachovia Corporation client agreement was incomplete because defendant submitted only 17 of the 25 pages. Additionally, there was no signature page containing plaintiff's signature on this client agreement. Plaintiff also argued: Ms.

4

Jelenchick did not state plaintiff was required to sign any arbitration agreement; there was no evidence Ms. Jelenchick ever saw plaintiff's signature on any arbitration agreement; Ms. Jelenchick presented no evidence a revised contract was sent; there was no evidence about how Ms. Jelenchick knew it would have been sent; and defendant's custodial agreement submitted with the motion does not have her signature. Based on the foregoing argument, plaintiff concluded there was no competent evidence that the custodial agreement containing the arbitration provision was ever mailed to her.

On September 17, 2013, defendant filed its reply. Defendant submitted no new evidence. Defendant argued Mr. Azarmi's and Ms. Jelenchick's declarations were competent evidence because the original documents were lost or destroyed. Defendant conceded the documents were lost or destroyed because they were outside the statutory document retention requirement for broker-dealers. Defendant argued: both Mr. Azarmi and Ms. Jelenchick were employees during the time plaintiff maintained an account with defendant; they both had personal knowledge of documents and agreements that investment customers were required to have entered into in order to maintain their accounts; they also had personal knowledge of the arbitration agreements at issue attached to defendant's motion that plaintiff would have received and agreed to at the time; and plaintiff did not dispute the arbitration terms in the agreements nor the admission of the declarations.

## D. Order Denying Defendant's Motion To Compel Arbitration

On September 24, 2013, the trial court denied defendant's motion to compel arbitration. The trial court found defendant had failed to sustain its burden of proving that plaintiff signed any arbitration agreement. It found mailing an agreement was insufficient evidence a party had agreed to it. Defendant subsequently appealed.

## III. DISCUSSION

An order denying a motion to compel arbitration is appealable. (Code Civ. Proc., § 1294, subd. (a); *Hong v. CJ CGV America Holdings, Inc.* (2013) 222 Cal.App.4th 240, 248; *Valentine Capital Asset Management, Inc. v. Agahi* (2009) 174 Cal.App.4th 606, 612, fn. 5.) Code of Civil Procedure section 1281.2, subdivision (a) provides in pertinent part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists . . . ." The moving party bears the burden of proving an arbitration agreement's existence by a preponderance of the evidence. (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413; *Hotels Nevada v. L.A. Pacific Center, Inc.* (2006) 144 Cal.App.4th 754, 761.)

Here, the trial court found insufficient evidence plaintiff signed an arbitration agreement. Our Supreme Court has held, "[W]hen a petition to compel arbitration is filed and accompanied by prima evidence of a written agreement to arbitrate the controversy, the court itself must determine whether the agreement exists, and, if any defense to its enforcement is raised, whether it is enforceable." (*Rosenthal v. Great Western Fin. Securities Corp.*, *supra*, 14 Cal.4th at p. 413; *Brodke v. Alphatec Spine Inc.* (2008) 160 Cal.App.4th 1569, 1577.) Our Supreme Court has explained, "In these summary proceedings, the trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion, to reach a final determination." (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972, citing *Rosenthal v. Great Western Fin. Securities Corp.*, *supra*, 14 Cal.4th at pp. 413-414.) Courts of Appeal have held: "'If the facts are undisputed, on appeal we independently review the case to determine whether a valid arbitration agreement exists. [Citations.]' [Citation.]" (*Warfield v. Summerville Senior Living, Inc.* (2007) 158 Cal.App.4th 443, 446-447; *Flores v. Evergreen at San Diego,*

6

*LLC* (2007) 148 Cal.App.4th 581, 586; see *Engalla v. Permanente Medical Group, Inc.*, *supra*, 15 Cal.4th at p. 973, fn. 7 [because the motion to compel arbitration was similar to a summary judgment motion, California Supreme Court conducted an independent review of the evidence].)

Here, defendant contends the submitted evidence was sufficient to demonstrate plaintiff signed an arbitration agreement. The record does not contain any document in which plaintiff signed an arbitration agreement. Defendant did not submit plaintiff's agreement with Atlas Securities. The submitted Wachovia Corporation client agreement was incomplete and did not contain plaintiff's signature. Mr. Azarmi declared he had no contact with plaintiff concerning her client agreement with Wachovia Corporation. Ms. Jelenchick declared defendant's custodial agreement containing the arbitration provision would have been sent to plaintiff. Ms. Jelenchick did not declare, however, that plaintiff acknowledged receiving or agreeing to the arbitration provision. The submitted custodial agreement also did not contain plaintiff's signature.

No doubt, when documents have been destroyed, secondary evidence may be used to demonstrate the content of a writing. (Evid. Code, § 1521, subd. (a); *Dart Industries, Inc. v. Commercial Union Ins. Co*. (2002) 28 Cal.4th 1059, 1068-1071.) The content of defendant's custodial agreement and Wachovia Corporation's client agreement, however, were not in dispute. What was disputed was defendant's claim that plaintiff had agreed to an arbitration provision. Defendant attempted to demonstrate the existence of plaintiff's signature and thus agreement to arbitrate with declarations. The declarants had personal knowledge of what system they had in place regarding opening various accounts with defendant and its predecessor in interest, Wachovia Corporation. However, they lacked personal knowledge as to whether plaintiff agreed to arbitration. (See Evid. Code, § 702, subd. (a) ["[T]he testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. Against the objection of a party, such personal knowledge must be shown before the witness may testify concerning the matter."]; see *People v. Lewis* (2001) 26 Cal.4th 334, 356.) The declarants did not

testify (because they could not) as to whether plaintiff actually agreed to the arbitration provisions.

As noted, the trial court ruled defendant failed to sustain its burden of proving plaintiff ever signed an arbitration agreement. The trial court reasonably could have found: no arbitration agreement was ever entered into because one was never produced; there is no written record an arbitration agreement was ever sent to plaintiff; it was unreasonable for sophisticated brokers to lose such an important document; and there is no explanation as how and when such an important document was lost. The best evidence of an arbitration agreement is a copy of the document and defendant, the party with the burden of proof on the subject, never produced it. The trial court acted reasonably. (Evid. Code § 412; *Hardesty v. Sacramento Metropolitan Air Quality Dist.* (2011) 202 Cal.App.4th 404, 425; *Vallbona v. Springer* (1995) 43 Cal.App.4th 1525, 1537; *Duffy v. City of Arcadia* (1987) 195 Cal.App.3d 308, 313.)

Defendant correctly argues the Federal Arbitration Act and California public policy favors arbitration. (Code Civ. Proc., §§ 1281, 1281.2; *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9.) However, as the Court of Appeal has noted, "[T]here is no public policy in favor of compelling arbitration where the moving party does not satisfy the requirements of [Code of Civil Procedure] section 1281.2." (*Brodke v. Alphatec Spine Inc.*, *supra*, 160 Cal.App.4th at p. 1577; accord, *Villacreses v. Molinari* (2005) 132 Cal.App.4th 1223, 1230.) The trial court reasonably could have found defendant has not met its burden of proof that there was a valid arbitration agreement between the parties. The trial court did not err.

## IV.  DISPOSITION

The September 24, 2013 order denying the motion to compel arbitration is affirmed.  Plaintiff, Beth Bachenheimer, is awarded her appeal costs from defendant, Wells Fargo Bank, N.A.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


MOSK, J.


MINK, J.[*]

---

[*]Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.