[No. B077218. Second Dist., Div. Five. Sept. 7, 1995.]

RONALD L. OWENS, Plaintiff and Respondent, v.
INTERTEC DESIGN, INC., et al., Defendants and Appellants.

## Counsel

Krival & Oakleaf and Ann Oakleaf for Defendants and Appellants.

Gary D. Fidler for Plaintiff and Respondent.

## Opinion

**TURNER, P. J.—**

### I. Introduction

This appeal is from an order denying a petition to compel arbitration and refusing to stay the action until the dispute had been arbitrated. Because there was no evidentiary basis for the court's order, we reverse.

### II. Background

Plaintiff, Ronald L. Owens, filed an unverified complaint against defendants, Intertec Design, Inc., and Leon Kopyt, for: breach of an employment contract; breach of the implied covenant of good faith and fair dealing; intentional infliction of severe emotional distress; and fraud. The written employment agreement contained an arbitration clause as follows: "*Arbitration:* Any dispute arising out of or connected with your employment with the Company shall be submitted to the Philadelphia, Pennsylvania Office of the American Arbitration Association for resolution under the Association's

Voluntary Labor Arbitration Rules. The arbitrator selected by the parties shall conduct a full hearing at which both parties shall be entitled to present evidence, examine and cross-examine witnesses and to be represented by counsel. The arbitrator shall issue a written decision which shall be final and binding on the parties. The arbitrator's fee and the cost of the arbitration shall be shared equally by the parties." Plaintiff opposed the petition to compel arbitration. Plaintiff relied upon the following "facts" as grounds for revocation of the arbitration agreement: plaintiff was a resident of California; the employment contract was entered into in Los Angeles, California; the employment contract was to be performed in Los Angeles; plaintiff's 15 unnamed witnesses were California residents; it would be economically infeasible for plaintiff to transport his witnesses to Pennsylvania; the corporate defendant, Intertec Design, Inc., was a Delaware corporation, doing business in California and 5 other states, not including Pennsylvania; and Intertec Design, Inc.'s principal office was in Cherry Hill, New Jersey. In addition, plaintiff contended the employment agreement was a contract of adhesion in that: defendants drafted the employment agreement; defendants were in a superior bargaining position; and plaintiff's employment by defendants was contingent upon his executing the agreement, hence he was economically coerced into signing the contract. Plaintiff presented *no evidence whatsoever* of the "facts" on which he relied.

## III. DISCUSSION

■ Code of Civil Procedure section 1281.2 provides in part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, *the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that:* [¶] . . . [¶] *(b) Grounds exist for the revocation of the agreement.*" (Italics added.) An appellate court will affirm the trial court's decision if it is supported by substantial evidence. (*Green* v. *Mt. Diablo Hospital Dist.* (1989) 207 Cal.App.3d 63, 69 [254 Cal.Rptr. 689]; *Kaneko Ford Design* v. *Citipark, Inc.* (1988) 202 Cal.App.3d 1220, 1229 [249 Cal.Rptr. 544]; *Parker* v. *Twentieth Century-Fox Film Corp.* (1981) 118 Cal.App.3d 895, 902 [173 Cal.Rptr. 639].)

It is undisputed an agreement to arbitrate the present controversy exists. Therefore, the trial court was required to order arbitration unless it properly determined grounds existed for revocation of the agreement. (Code Civ. Proc., § 1281.2; *Valsan Partners Limited Partnership* v. *Calcor Space Facility, Inc.* (1994) 25 Cal.App.4th 809, 817 [30 Cal.Rptr.2d 785].) However, the trial court could not properly make that determination in an evidentiary

vacuum. (*Strauch* v. *Eyring* (1994) 30 Cal.App.4th 181, 184 [35 Cal.Rptr.2d 747]; *Bolanos* v. *Khalatian* (1991) 231 Cal.App.3d 1586, 1590-1591 [283 Cal.Rptr. 209].) Plaintiff presented no evidence, by declaration or otherwise, in support of the "facts" underlying his arguments in opposition to the petition. Thus, the trial court's implied finding grounds existed for revocation of the arbitration agreement was unsupported by substantial evidence and cannot stand. (*Strauch* v. *Eyring*, *supra*, 30 Cal.App.4th at p. 184.)[1] Hence, the arbitration agreement must be enforced as a matter of law.

## IV. DISPOSITION

The order denying defendants' petition to compel arbitration and to stay the proceedings until the dispute has been arbitrated is reversed. The petition is ordered granted. Defendants, Intertec Design, Inc., and Leon Kopyt, are to recover their costs on appeal from plaintiff, Ronald L. Owens.

Grignon, J., and Godoy Perez, J., concurred.

---

[1] Plaintiff's request for sanctions against defendants for filing a "bad faith and frivolous appeal" is denied. The appeal is not frivolous. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)