[No. B185814. Second Dist., Div. Two. Nov. 7, 2006.]

HOTELS NEVADA et al., Plaintiffs and Respondents, v.
L.A. PACIFIC CENTER, INC., Defendant and Appellant.

**COUNSEL**

Greenberg Traurig, Eric V. Rowen, Scott D. Bertzyk, Karin L. Bohmholdt; Paul, Hastings, Janofsky & Walker, Imran Hayat and Miguel Sanqui; Wong & Mak, Fred Wong and Robert J. Demarco for Defendant and Appellant.

Bullivant Houser Bailey, Mark A. James; Snell & Wilmer, Richard A. Derevan, Marc L. Turman; Good, Wildman, Hegness & Walley and Gary A. Dapelo for Plaintiffs and Respondents.

**OPINION**

**DOI TODD, Acting P. J.**—Defendant and appellant L.A. Pacific Center, Inc., appeals from an order denying its motion to compel arbitration. On the basis of information contained in an unverified complaint filed by plaintiffs and respondents Hotels Nevada and Inns Nevada (Hotels Nevada), as well as counsel's arguments, the trial court concluded that appellant had failed to meet its burden to show that it had an enforceable agreement to arbitrate with Hotels Nevada. It further determined that an evidentiary hearing would be necessary to determine whether the parties had a meeting of the minds on material issues.

We reverse for the sole reason that the order in which these two determinations occurred was erroneous. According to *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394 [58 Cal.Rptr.2d 875, 926 P.2d 1061] (*Rosenthal*), the party moving to compel arbitration bears the burden of establishing the existence of a valid agreement to arbitrate, and the party opposing arbitration bears the burden of proving by a preponderance of the evidence any fact necessary to its defense. The role of the trial court is to sit as a trier of fact, weighing any affidavits, declarations, and other documentary evidence, together with oral testimony received at the court's discretion, to reach a determination on the issue of arbitrability. (*Id.* at pp. 413–414.) Thus, the trial court was required to hold an evidentiary hearing before, not after, ruling on appellant's motion to compel arbitration.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Hotels Nevada is owned and controlled by Louis Habash (Habash). In early 2004, Hotels Nevada owned the Alexis Park Hotel and the American Inn Apartments in Las Vegas, Nevada. At that time, appellant and Hotels Nevada were engaged in negotiations for the sale of these properties. In connection with the negotiations, Habash dealt with appellant's authorized agents Richard Alter (Alter) and Eddie Chan (Chan).

The parties agreed on a purchase price of $75 million for both properties. At Alter and Chan's request, Habash also agreed to a holdback provision whereby appellant would be permitted to hold back $5 million of the purchase price for a period of 12 months; in essence, appellant financed $5 million of the purchase price through an interest-free loan from Hotels Nevada. The holdback provision was memorialized as section 2.06(b) of the

---

[1] For purposes of the motion to compel arbitration, appellant recited but did not accept the truth of the factual allegations in Hotels Nevada's complaint. The facts recited here are likewise taken from the allegations of Hotels Nevada's complaint.

written purchase and sale agreement (Agreement). In addition, the parties agreed to prepare and record a memorandum of agreement (Memorandum), which would provide notice of the transaction and specifically of appellant's obligation to repay the $5 million holdback within 12 months.

In March 2004, after the Agreement and Memorandum underwent several drafts, appellant forwarded final versions of both documents to Hotels Nevada. Hotels Nevada and its counsel verified that the final versions accurately reflected the terms to which the parties had agreed, including the holdback provision.

On March 24, 2004, Habash and Alter met at appellant's attorneys' offices to sign the Agreement and Memorandum. Alter informed Habash that appellant desired to modify the holdback provision to extend the holdback period from 12 months to 60 months. Habash responded that Hotels Nevada would not agree to such a modification under any circumstances and left the meeting without signing either the Agreement or the Memorandum. Alter immediately approached Habash in the hallway and told him that appellant was agreeable to retaining the 12-month holdback period and proceeding with the transaction. Habash returned to the attorneys' offices, reviewed execution copies of the Agreement and Memorandum and confirmed that they both contained a 12-month holdback period. He then signed two originals of the Agreement and Memorandum. The following day, Hotels Nevada's counsel received a copy of the fully executed documents which, again, contained the 12-month holdback period.

Thereafter, Hotels Nevada received written confirmation that the Agreement and Memorandum had been transmitted to the escrow agent handling the transaction. On May 26, 2004, appellant recorded the Memorandum with the Clark County Recorder in Nevada. On May 27, 2004, the escrow officer mailed to Hotels Nevada's attorney a copy of the recorded Memorandum. Although Hotels Nevada did not learn this at the time of the mailing, the Memorandum it received contained a 60-month holdback provision.

Hotels Nevada learned of the 60-month holdback in April 2005, when it wrote to appellant to provide it with wire transfer instructions and remind it of its 12-month obligation under the Agreement, and appellant denied that the $5 million payment was due in May 2005. At an April 22, 2005 meeting, Alter presented Habash with a copy of the recorded Memorandum, which contained the 60-month holdback provision, and a document that he represented was page 12 of the Agreement, which also contained a 60-month holdback provision. Hotels Nevada had not previously seen any version of the Agreement or Memorandum containing a 60-month holdback provision.

On May 4, 2005, Hotels Nevada filed a complaint against appellant, alleging causes of action for rescission based on fraud, cancellation of written instruments based on illegality and conspiracy. Relevant to all causes of action, Hotels Nevada alleged: "Buyer [appellant] manipulated, fabricated, and manufactured the version of the Memorandum apparently recorded on May 26, 2004, to reflect an incorrect sixty (60) month period for the Holdback of the Five Million Dollars ($5,000,000) of the Purchase Price by changing, modifying, removing, replacing and otherwise wrongfully and unlawfully altering the Memorandum, as well as the Agreement upon which it was based. Seller at no time agreed to such sixty (60) month Holdback period, nor did Seller ever agree to the manipulated and manufactured Memorandum, nor to the equally manipulated and manufactured Agreement upon which the recorded Memorandum is based. Indeed, and as hereinabove alleged, Seller would never have agreed to such sixty (60) month period Holdback (a five (5) year interest free loan) and would have walked away from the transaction in the event that Buyer insisted upon inclusion of such sixty (60) month Holdback as part of the deal . . . ."

In July 2005, appellant moved to compel arbitration. It relied on section 14.01 of the Agreement, which provided in relevant part that "each claim, dispute or controversy of whatever nature, arising out of, in connection with, or in relation to the interpretation, performance or breach of this Agreement or the transactions contemplated hereby, including, without limitation, any claim based on contract, tort, or statute, or the arbitrability of any claim hereunder . . . shall be settled by final and binding arbitration conducted in Clark County, Nevada." It also relied on a related provision, section 14.02 of the Agreement, providing in part that "each signatory to this Agreement hereby waives its respective right to a jury trial of any permitted claim or cause of action arising out of this Agreement . . . ."

Hotels Nevada opposed the motion, asserting that its allegations of fraud in the execution of the Agreement rendered the entire agreement, and hence the arbitration clause, void from the inception. Appellant replied that because the alleged fraud occurred after the parties signed the Agreement, Hotels Nevada had failed to state a claim for fraud in the execution and thus had no basis to avoid the arbitration clause.

The trial court denied the motion to compel arbitration. It characterized the matter as the "rare case where the court is presented with a bona fide question as an issue of fact and/or law as to whether or not there is an enforceable arbitration agreement." It concluded that appellant failed to meet its burden to show an enforceable agreement to arbitrate. Rather, it found that the allegations in Hotels Nevada's complaint required it to hold a hearing to determine whether the parties had "a meeting of the minds to contract on material

issues." The trial court acknowledged that such a hearing would probably adjudicate much of the case before sending it to arbitration, but concluded that the procedure was necessary because "if there is no contract, there is no basis to send it to arbitration."

This appeal followed. (See Code Civ. Proc., § 1294, subd. (a).)

## DISCUSSION

Code of Civil Procedure section 1281.2[2] provides in part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: [¶] . . . [¶] (b) Grounds exist for the revocation of the agreement." Appellant asserts that the trial court erred in denying its motion to compel arbitration because Hotels Nevada failed to meet its burden to show that there were grounds for revocation of the Agreement. It argues that Hotels Nevada pleaded, at best, an arbitrable claim for fraud in the inducement as opposed to a nonarbitrable claim for fraud in the execution.

By focusing on the adequacy of Hotels Nevada's pleading, however, appellant ignores *Rosenthal, supra,* 14 Cal.4th at page 402, where the California Supreme Court outlined "the procedures by which petitions to compel arbitration (Code Civ. Proc., § 1281.2) are to be determined in the superior courts." *Rosenthal* explained: "[W]hen a petition to compel arbitration is filed and accompanied by prima facie evidence of a written agreement to arbitrate the controversy, the court itself must determine whether the agreement exists and, if any defense to its enforcement is raised, whether it is enforceable. Because the existence of the agreement is a statutory prerequisite to granting the petition, the petitioner bears the burden of proving its existence by a preponderance of the evidence. If the party opposing the petition raises a defense to enforcement—either fraud in the execution voiding the agreement, or a statutory defense of waiver or revocation (see § 1281.2, subds. (a), (b))—that party bears the burden of producing evidence of, and proving by a preponderance of the evidence, any fact necessary to the defense." (*Rosenthal, supra,* at p. 413.)

According to *Rosenthal,* facts relevant to enforcement of the arbitration agreement must be determined " 'in the manner . . . provided by law for

---

[2] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

the . . . hearing of motions.' " (*Rosenthal, supra,* 14 Cal.4th at p. 413, quoting § 1290.2.) This "ordinarily mean[s] the facts are to be proven by affidavit or declaration and documentary evidence, with oral testimony taken only in the court's discretion." (*Rosenthal, supra,* at pp. 413–414; accord, *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972 [64 Cal.Rptr.2d 843, 938 P.2d 903] [in resolving a petition to compel arbitration, "the trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion, to reach a final determination"]; *Banner Entertainment, Inc. v. Superior Court* (1998) 62 Cal.App.4th 348, 356–357 [72 Cal.Rptr.2d 598] [same].) The *Rosenthal* court further observed that where "the enforceability of an arbitration clause may depend upon which of two sharply conflicting factual accounts is to be believed, the better course would normally be for the trial court to hear oral testimony and allow the parties the opportunity for cross-examination." (*Rosenthal, supra,* at p. 414.)

██ In *Rosenthal,* the Supreme Court held that the trial court erred in denying a petition to compel arbitration where, following an evidentiary hearing, the trial court found that the parties opposing arbitration had presented sufficient evidentiary support for their allegations but declined to resolve the factual issues presented by those allegations. (*Rosenthal, supra,* 14 Cal.4th at pp. 404, 414.) Appellate courts have likewise reversed denials of petitions to compel arbitration where the parties opposing arbitration asserted that there were grounds for revocation of the arbitration agreements but presented no evidentiary support for their contentions. In *Owens v. Intertec Design, Inc.* (1995) 38 Cal.App.4th 72, 74–75 [44 Cal.Rptr.2d 840], the Court of Appeal reversed an order denying a petition to compel arbitration because the trial court made the decision in "an evidentiary vacuum," as "[p]laintiff presented no evidence, by declaration or otherwise, in support of the 'facts' underlying his arguments in opposition to the petition." Similarly, in *Strauch v. Eyring* (1994) 30 Cal.App.4th 181, 183 [35 Cal.Rptr.2d 747], the court unequivocally "h[e]ld that a petition to compel arbitration may not be denied on the ground of fraud alleged in an unverified pleading, but only upon evidentiary support by an affidavit or declaration under penalty of perjury submitted in opposition to the petition."

██ Here, the trial court failed to comply with this authority, as it denied appellant's motion to compel arbitration without the benefit of any evidence. Rather, it relied on the allegations contained in Hotels Nevada's unverified complaint in declining to find a valid and enforceable agreement to arbitrate. In outlining the reasons for its decision, the trial court stated: "If the circumstances alleged here occurred as alleged, there would have been no contract, in fact, because there would have been a failure to have a meeting of the minds on the true issue. In that case there is no contract, and . . . the entire contract failed. You're [appellant] the party seeking arbitration. You

have the burden to show there is an enforceable agreement. I find that you failed to show that there is an enforceable agreement." Although the trial court appropriately foresaw that the issues raised by the complaint "may require something in the nature of a hearing or trial in this court," it erred by denying the motion to compel arbitration on the basis of the complaint's allegations instead of a factual determination made after such a hearing.

In a supplemental letter brief submitted at our request, appellant concedes that the procedures mandated by *Rosenthal* were not followed here.[3] Nevertheless, it asserts that an evidentiary hearing is unnecessary because any evidence supporting Hotels Nevada's allegations would establish only a claim of fraud in the inducement subject to arbitration. (See *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 323 [197 Cal.Rptr. 581, 673 P.2d 251] ["claims of fraud in the inducement of the contract (as distinguished from claims of fraud directed to the arbitration clause itself) will be deemed subject to arbitration"].) We disagree.

■ California law distinguishes between fraud in the "inducement" of a contract and fraud in the "execution" or "inception" of a contract. (*Rosenthal, supra*, 14 Cal.4th at p. 415.) The more usual case of fraud in the inducement occurs when " 'the promisor knows what he is signing but his consent is *induced* by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is *voidable*. In order to escape from its obligations the aggrieved party must *rescind*, by prompt notice and offer to restore the consideration received, if any. [Citations.]' [Citation.]" (*Ford v. Shearson Lehman American Express, Inc.* (1986) 180 Cal.App.3d 1011, 1028 [225 Cal.Rptr. 895].) Fraud in the execution, on the other hand, occurs when " 'the promisor is deceived as to the nature of his act, and actually does not know what he is signing, or does not intend to enter into a contract at all, mutual assent is lacking, and it is *void*. In such a case it may be disregarded without the necessity of rescission. [Citation.]' [Citation.]" (*Ibid.*) *Rosenthal* confirmed that "claims of fraud in the execution of the entire agreement are not arbitrable under either state or federal law." (*Rosenthal, supra*, at p. 416.) If

---

[3] Before supplemental briefing, both parties had implicitly acknowledged the lack of evidentiary support for the trial court's decision by requesting judicial notice of declarations submitted by the principals of each party in connection with different proceedings in this matter. Appellant also requested judicial notice of the transcript of a hearing in another matter. But each declaration was executed and the hearing was held months after the trial court ruled on the motion to compel arbitration. This "evidence" therefore could not have served as the basis for the trial court's decision. "Reviewing courts generally do not take judicial notice of evidence not presented to the trial court. Rather, normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' [Citation.]" (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 [58 Cal.Rptr.2d 899, 926 P.2d 1085].) Accordingly, we deny both parties' requests for judicial notice.

the entire contract is void at its inception because of fraud, then the parties have not agreed to anything, including the arbitration of any controversy. (*Ibid.*)

Turning to the complaint, we conclude that Hotels Nevada sufficiently alleged facts supporting a claim of fraud in the execution—a claim that could constitute grounds for revocation of the Agreement if substantiated by evidentiary support. (§§ 1281.2, 1290.2.) Hotels Nevada alleged that it had reached an agreement with appellant to a 12-month holdback period for $5 million of the purchase price of the property that was the subject of their transaction. It further alleged that the copies of the Memorandum and Agreement that appellant sought to enforce were not the same documents that it signed, as they contained a 60-month holdback period. According to the complaint, this discrepancy was the result of appellant's "changing, modifying, removing, replacing and otherwise wrongfully and unlawfully altering the Memorandum, as well as the Agreement upon which it was based," and Hotels Nevada never agreed to the 60-month holdback period.

■ These allegations sufficiently supported a claim of fraud in the execution. As aptly stated in *Erickson v. Bohne* (1955) 130 Cal.App.2d 553, 556 [279 P.2d 619], fraud in the execution renders a contract void from its inception "where the grantor intends to execute one instrument but another is surreptitiously substituted in its place and the grantor is fraudulently made to sign, seal, and deliver an instrument different from that intended . . . ." (Accord, *Frusetta v. Hauben* (1990) 217 Cal.App.3d 551, 557 [266 Cal.Rptr. 62] ["If the signer of a contract misapprehends the terms of a document, then he has not, in fact, assented to its true terms"].) Where "a party's apparent assent to a written contract is *negated* by fraud in the inception, there is simply no arbitration agreement to be enforced." (*Rosenthal, supra,* 14 Cal.4th at p. 416.)

We reject appellant's contention that an evidentiary hearing would thwart the parties' intent because the trial court would effectively determine issues that the parties agreed to arbitrate. Again, however, a contract void at its inception contains no enforceable agreement to arbitrate. (*Rosenthal, supra,* 14 Cal.4th at p. 416.) Stated another way, there is no contractual intent to be enforced because the parties to such a contract "cannot . . . have intended arbitration under a contract wholly void for fraud in its execution." (*Id.* at p. 417.) Accordingly, nothing "preclude[s] the court from deciding claims of fraud in the execution of the entire contract." (*Ibid.*)

■ We also reject Hotels Nevada's effort to avoid an evidentiary hearing. It contends that appellant failed to meet its threshold burden to show the existence of an agreement to arbitrate and, thus, its burden to present evidence establishing grounds for revocation of the agreement was never

triggered. Again, we disagree. A party seeking arbitration must prove the existence of an agreement to arbitrate by a preponderance of the evidence. (*Rosenthal, supra,* 14 Cal.4th at p. 413.) It may meet its burden by complying with California Rules of Court, rule 371, which provides: "A petition to compel arbitration . . . pursuant to Code of Civil Procedure sections 1281.2 and 1281.4 shall set forth, in addition to other required allegations, the provisions of the written agreement and the paragraph that provides for arbitration. The provisions shall be set forth verbatim or a copy shall be attached to the petition and incorporated by reference." Appellant carried its burden of proving the existence of an arbitration agreement between the parties by quoting the pertinent portions of the arbitration clause in its motion to compel arbitration and referencing the arbitration clause in the Agreement attached to Hotels Nevada's complaint as exhibit A. Indeed, below Hotels Nevada never disputed that the Agreement—whether containing a 12-month or a 60-month holdback—provided for arbitration. The trial court's conclusion that appellant failed to meet its burden to show an *enforceable* agreement to arbitrate was plainly premised on the grounds for revocation alleged in Hotels Nevada's complaint, which were not established by a preponderance of the evidence. (See *Rosenthal, supra,* 14 Cal.4th at p. 413 [a party raising fraud in the execution as a defense to enforcement of an arbitration provision "bears the burden of producing evidence of, and proving by a preponderance of the evidence, any fact necessary to the defense"]; see also *Strauch v. Eyring, supra,* 30 Cal.App.4th at p. 186 ["if arbitration could be denied on the ground of fraud based solely on allegations lacking any evidentiary support—then virtually anyone could avoid arbitration simply by making unsubstantiated allegations of fraud"].)

■ Having concluded that the trial court erred in failing to hold an evidentiary hearing before ruling on the motion to compel arbitration, we turn to the appropriate remedy. Although the court in *Owens v. Intertec Design, Inc., supra,* 38 Cal.App.4th at page 75 suggested that the denial of a motion to compel arbitration made without evidence from the party opposing arbitration should be reversed as a matter of law because the decision is unsupported by substantial evidence, we agree with other decisions indicating that the proper course is to remand the matter for an evidentiary hearing. (See *Rosenthal, supra,* 14 Cal.4th at p. 431 [remanding the matter for further evidentiary proceedings]; *Strauch v. Eyring, supra,* 30 Cal.App.4th at p. 187 [reversing the order denying the petition to compel arbitration and remanding the matter for a "determination of the petition in the manner of a hearing on a motion—i.e., upon affidavits or declarations on Strauch's theories of fraud"].) Particularly here, where the trial court anticipated holding an evidentiary hearing in order to ultimately resolve the arbitrability issue, it is appropriate to remand the matter to enable the trial court to make a factual determination as to whether grounds exist for the revocation of the Agreement. (See § 1281.2, subd. (b).)

## DISPOSITION

The order denying appellant's motion to compel arbitration is reversed and the cause is remanded and the trial court is directed to conduct an evidentiary hearing on the motion. Parties to bear their own costs on appeal.

Ashmann-Gerst, J., and Chavez, J., concurred.

A petition for a rehearing was denied November 20, 2006.