Filed 6/6/23  Castillo v. Alhambra Healthcare & Wellness Centre CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ESPERANZA CASTILLO,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ALHAMBRA HEALTHCARE &<br>WELLNESS CENTRE, LP et al.,<br><br>     Defendants and Appellants. | B319869<br><br>(Los Angeles County<br>Super. Ct. No. 20STCV32074) |

APPEAL from an order of the Superior Court of Los Angeles County.  Richard L. Fruin, Jr., Judge.  Affirmed.

De Castro Law Group, José-Manuel A. de Castro and Lori V. Minassian for Defendants and Appellants.

Law Offices of Glenn D. Hamovitz and Glenn D. Hamovitz for Plaintiff and Respondent.

_____

Plaintiff and respondent Esperanza Castillo filed this action against defendants and appellants Alhambra Healthcare & Wellness Centre, LP, and Rockport Administrative Services LLC doing business as Rockport Healthcare Services alleging employment-related claims. Defendants moved to compel arbitration pursuant to an agreement to arbitrate. The trial court denied defendants' motion on the grounds that defendants waived the right to compel arbitration by unreasonably delaying in filing their motion to compel.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*The instant lawsuit*

On August 21, 2020, plaintiff filed the instant lawsuit against defendants. The complaint alleges 11 employment-related causes of action.

*Defendants' counsel's letter to plaintiff's counsel*

On August 31, 2020, defense counsel sent a letter to plaintiff's counsel, advising, inter alia: "[A]s you may . . . recall from the documents I provided to you on my clients' behalf in response to your client['s] pre-litigation request for records, your client signed an arbitration agreement at the outset of her employment with my client. I have attached a copy for your reference. Please let me know if your client will stipulate to arbitration of her claims and a corresponding stay or dismissal without prejudice of judicial proceedings on her claims pending arbitration rather than opposing a motion to compel arbitration."

*Plaintiff's counsel notifies defense counsel of problems with the arbitration agreement*

On September 8, 2020, plaintiff's counsel responded, asserting that certain terms in the arbitration agreement were

impermissible. "Without waiving any rights or remedies, I will review [the alternative dispute resolution policy documents] further and get back to you in the near future about your request for a stipulation."

*Answer*

Defendants filed their answer to the complaint on December 14, 2020, alleging arbitration as one of their affirmative defenses.

*Case management conference*

Defendants' case management statement

On May 11, 2021, defendants filed their case management statement, requesting a "nonjury trial" and providing the trial court with dates that defendants and their counsel were unavailable for trial. The statement also estimated a three to five day trial. Furthermore, the statement represented that defense counsel had discussed with defendants an alternative dispute resolution package and indicated that defendants were willing to participate in mediation, a settlement conference, and binding arbitration.

Regarding their intent to enforce the arbitration agreement, defendants notified the trial court that they were still "awaiting [p]laintiff's response to a request to stipulate to arbitration. Will move if necessary." Defendants indicated that they intended to file a "[m]otion to compel arbitration if plaintiff declines to stipulate."

Plaintiff's case management statement

The following day, plaintiff filed her case management statement, requesting a jury trial. She mentioned a "[p]ossible motion to compel arbitration by defendants," but asserted that her case was exempt from judicial arbitration. She specifically

requested that the following matter be determined at the case management conference: "Whether defendants' delay waives their right, if any, to move to compel arbitration. Defendants signed Notice and Acknowledgment of Receipts on September 24, 2020—ALMOST 8 months ago! Defendants answered the complaint on December 14, 2020—ALMOST 5 months ago. Plaintiff relied on the pending action and timely posted jury fees and served notice of the same on defendants['] counsel on December 8, 2020."

She did not check the box that would have indicated her willingness to participate in binding private arbitration.

Case management conference

At the May 24, 2021, case management conference, the trial court ordered that all final status conference documents be filed by January 31, 2022, and set the matter for a jury trial to begin on February 14, 2022.

Regarding defendants' potential motion to compel arbitration, defense counsel represented that a motion to compel would be filed within two to three weeks.

*Defendants' motion to compel arbitration*

After plaintiff had propounded multiple discovery requests on defendants, on November 2, 2021, defendants filed their motion to compel arbitration. As is relevant to the issues on appeal, defendants argued that they did not waive their right to compel arbitration as they (1) pled arbitration as an affirmative defense in their answer to plaintiff's complaint, (2) reaffirmed their intent to move to compel arbitration at the case management conference, and (3) had not yet conducted any discovery or sought affirmative relief from the trial court.

4

*Plaintiff's opposition*

Plaintiff opposed defendants' motion, asserting, inter alia, that defendants waived their right, if any, to compel arbitration by delaying more than 14 months before filing their motion.

*Initial hearing on defendants' motion (Dec. 10, 2021)*

The night before the scheduled hearing on defendants' motion to compel arbitration, the trial court e-mailed the parties its tentative ruling. Regarding waiver, the trial court found: "It is this last argument that most concerns the Court, and which necessitates denial of the motion . . . . Moving parties' delay in seeking arbitration was significant. The Complaint was filed on 8/21/20. Per proofs of service filed 10/8/20, moving defendants were served with S&C on 9/4/20. Defendants' Answer, filed 12/14/20, asserts arbitration as an affirmative defense, yet the instant motion wasn't filed until 11/2/21. Plaintiff's opposition notes the long delay, and cites cases for the proposition that a delay in seeking arbitration supports a finding that the right to compel arbitration has been waived. [Citations.]

"The Court finds this argument to be persuasive.

"Notably, while the Reply argues that defendants haven't taken steps which are inconsistent with the right to compel arbitration, the Reply offers no explanation for the delay. Instead, Defense counsel submits a declaration in which he asserts that: a) even before the complaint was served, he asked Plaintiff's counsel whether Plaintiff would stipulate to arbitration, but he never got a response; b) he advised the Court that a motion to compel arbitration would be forthcoming at a case management conference; and c) after he received discovery from Plaintiff on 10/1/21, he realized that Plaintiff 'had elected not to stipulate,' and he then prepared the motion. The

declaration doesn't explain why Defendants waited; instead, it states only that Defendants waited until Plaintiff took action to move the case along—i.e., for approximately fourteen months after service of the Summons and Complaint. Had defendants acted promptly to compel arbitration, the case might have been resolved by now in arbitration. Defendants could not simply 'sit on their hands' and wait for Plaintiff to serve discovery. They were obligated to seek to compel arbitration within a reasonable time, and they failed to do so."

During oral argument, defendants cited new case law at the hearing. As a result, the trial court continued the hearing to allow plaintiff to file a surreply to address the legal authority first mentioned at the hearing.

*Continued hearing on defendants' motion (Dec. 16, 2021)*

After entertaining further argument from the parties, the trial court indicated that it had "looked at the facts carefully," considered the new cases cited by defendants at the prior hearing date, and was going to stand by its earlier tentative ruling and deny defendants' motion to compel arbitration.

*Appeal*

Defendants' timely appeal ensued.

**DISCUSSION**

I. *Relevant law*

A court may deny a petition to compel arbitration on the ground that "[t]he right to compel arbitration has been waived by the petitioner." (Code Civ. Proc., § 1281.2, subd. (a).) A party may waive the right to compel arbitration by failing to demand arbitration within a reasonable time. (*Wagner Construction Co. v. Pacific Mechanical Corp.* (2007) 41 Cal.4th 19, 30 (*Wagner*).) "This rule is an application of the general principle of contract

law articulated in Civil Code section 1657, to the effect that, '[i]f no time is specified for the performance of an act required to be performed, a reasonable time is allowed.' [Citation.] '[W]hat constitutes a reasonable time is a question of fact, depending upon the situation of the parties, the nature of the transaction, and the facts of the particular case.'" (*Wagner, supra,* at p. 30.)

Although there is no uniform or single test for determining whether a party's conduct amounts to a waiver of the right to arbitrate, the courts have formulated a list of factors that are relevant in making that determination. These include "''(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party.'" [Citation.]" (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1196 (*St. Agnes*); see also *Simms v. NPCK Enterprises, Inc.* (2003) 109 Cal.App.4th 233, 240.)

"No one of these factors predominates and each case must be examined in context." (*Lewis v. Fletcher Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 444.) The question of prejudice, however, "is critical in waiver determinations." (*St. Agnes, supra,* 31 Cal.4th at p. 1203.)

7

"Relatedly, a party that wishes to pursue arbitration must take "'active and decided steps to secure that right'" because an arbitration agreement "'is not . . . self-executing.'" [Citation.] 'Mere announcement of the right to compel arbitration is not enough. To properly invoke the right to arbitrate, a party must (1) timely raise the defense and take affirmative steps to implement the process, and (2) participate in conduct consistent with the intent to arbitrate the dispute. Both of these actions must be taken to secure for the participants the benefits of arbitration. [Citations.]" (*Fleming Distribution Co. v. Younan* (2020) 49 Cal.App.5th 73, 80–81 (*Fleming*).)

II. *Standard of review*

The party asserting waiver "'bears the burden of producing evidence of, and proving by a preponderance of the evidence, any fact necessary to the defense.' [Citation.]" (*Hotels Nevada v. L.A. Pacific Center, Inc.* (2006) 144 Cal.App.4th 754, 761.)

"Generally, the determination of waiver is a question of fact, and the trial court's finding, if supported by sufficient evidence, is binding on the appellate court. [Citations.] 'When, however, the facts are undisputed and only one inference may reasonably be drawn, the issue is one of law and the reviewing court is not bound by the trial court's ruling.' [Citation.]" (*St. Agnes*, *supra*, 31 Cal.4th at p. 1196.)

"Here, the essential facts may not be in dispute, in the sense that no one doubts that party X did or did not do act Y on date Z. Nevertheless, even if there is no difference in opinion on such events or nonoccurrences, the inferences to be drawn from the essential facts are conflicting. And where conflicting inferences may be drawn, the issue is reduced to whether the trial court's finding of waiver is supported by substantial

evidence. [Citations.] In conducting that standard of review, '[w]e infer all necessary findings supported by substantial evidence [citations] and "construe any reasonable inference in the manner most favorable to the [ruling], resolving all ambiguities to support an affirmance" [citation].' [Citation.]" (*Davis v. Shiekh Shoes, LLC* (2022) 84 Cal.App.5th 956, 962–963.)

"Reversal is not justified simply because the trial court could have potentially reached a different conclusion on the question of waiver; 'rather, we may reverse the trial court's waiver finding only if the record establishes a lack of waiver as a matter of law.' [Citation.]" (*Fleming*, *supra*, 49 Cal.App.5th at p. 81.)

III. *The trial court properly denied defendants' motion*

Applying these legal principles, we conclude that the trial court did not err in denying defendants' motion to compel arbitration. Substantial evidence supports the trial court's determination that defendants waived their right[1] to arbitrate this dispute.

Defendants' conduct was inconsistent with a right to arbitrate. As confirmed in defense counsel's August 31, 2020, letter to plaintiff's counsel, defendants knew they had a right to arbitrate plaintiff's claims before they were served with the summons and complaint. Despite this knowledge, defendants waited over 14 months before bringing their motion to compel arbitration. In the meantime, (1) plaintiff posted jury fees, (2) defendants filed their answer to the complaint, asserting

---

[1] For ease, we refer to defendants' "right" to arbitrate this dispute, but we offer no opinion on whether the contract was enforceable.

9

arbitration as an affirmative defense, (3) defendants filed a case management statement requesting a nonjury trial and providing the trial court with a time estimate and dates of unavailability, (4) defendants were aware of plaintiff's case management statement that specifically referenced a potential defense motion to compel, and (5) defense counsel represented to the trial court at the May 24, 2021, case management conference that their motion to compel would be filed within two to three weeks. Taken together, all of these actions are inconsistent with an intent to arbitrate this matter.[2]

The same evidence demonstrates that the parties were well into preparation for a lawsuit and trial before defendants filed their motion to compel. In addition, a final status conference date had been set, with accompanying deadlines for pretrial documents. And, a jury trial was scheduled to commence just two months after the initial hearing date of defendants' motion.

Finally, defendants' delay prejudiced plaintiff. (*Fleming*, *supra*, 49 Cal.App.5th at p. 83.) As the trial court aptly noted, plaintiff suffered the prejudice of having to wait to have her claims determined—claims that may have already been decided had defendants promptly moved to compel arbitration. (*Ibid*. [prejudice exists where the petitioning party's conduct has substantially impaired the other side's ability to secure the benefits and efficiencies of arbitration].)

Urging us to conclude otherwise, defendants direct us to *Quach v. California Commerce Club, Inc.* (2022) 78 Cal.App.5th

---

[2] The fact that defendants "notified" plaintiff of their intent to enforce the arbitration agreement is insufficient. (*Fleming*, *supra*, 49 Cal.App.5th at pp. 80–81.)

10

470, review granted August 24, 2022, S275121 (*Quach*). In *Quach*, the Court of Appeal held that the party opposing the motion to compel arbitration did not make an adequate showing of prejudice as a matter of law. (*Id*. at p. 478.) "His showing below indicated nothing more than the parties participated in litigation. . . . [He did] not show[] any prejudice apart from the expenditure of time and money on litigation. He [did] not, for example, claim [that the defendant/moving party] gained information or conducted discovery it would not have been able to obtain in arbitration or that the delay led to lost evidence." (*Id*. at p. 479) Relying upon this language, defendants contend that plaintiff here did not demonstrate prejudice; therefore, her waiver argument fails.

Defendants seem to be asking us to do what our colleagues in Division 8 recently refused to do. In *Kokubu v. Sudo* (2022) 76 Cal.App.5th 1074, the court considered a request "to limit prejudice to situations where the opposing party has (i) provided information in compliance with civil discovery obligations that do not apply in arbitration; or (ii) 'alter[ed] its litigation posture in a fundamentally inalterable or otherwise sticky [*sic*] way . . . .'" (*Kokubu v. Sudo*, *supra*, 76 Cal.App.5th at p. 1090; see also *id*. at p. 1083.) It declined to do so, noting that the "[c]ases do not support such a limitation." (*Id*. at p. 1090.)

For the same reason, including those outlined in the dissent in *Quach*, we reject defendants' contention. (*Quach*, *supra*, 78 Cal.App.5th at pp. 485–490 (dis. opn. of Crandall, J.).) Defendants' "tactics were prejudicial because they deliberately and forever undermined the very nature of a quick resolution that is the central tenet of arbitration." (*Id*. at p. 490; see also *Kokubu v. Sudo*, *supra*, 76 Cal.App.5th at p. 1091 ["courts have

11

considered delayed recovery of a claimed, but disputed, entitlement as contributing to prejudice resulting from a delayed arbitration demand"].)

To the extent defendants purport to blame plaintiff for their delay in filing their motion to compel, we are not convinced. Regardless of whether defense counsel asked plaintiff's counsel to stipulate to arbitration and never got a response, it was incumbent upon defendants to pursue their motion if that is what they desired—particularly in light of plaintiff's actions that demonstrated her desire to proceed with a jury trial.

## DISPOSITION

The order is affirmed. Plaintiff is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT


12