Filed 1/30/24  Ramirez v. 99 Cents Only Store CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DESIRE RAMIREZ, | B318308 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 21STCV02626) |
| v. | |
| 99 CENTS ONLY STORE LLC et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Stephen I. Goorvitch, Judge.  Affirmed.

Buchalter; Akerman, Michael L. Gallion; Seyfarth Shaw, David Van Pelt, Thomas J. Piskorski, and Jules A. Levenson for Defendants and Appellants.

Shegerian & Associates, Carney R. Shegerian and Jill McDonell for Plaintiff and Respondent.

_____

Plaintiff and respondent Desire Ramirez (Ramirez) filed this action against defendants and appellants 99 Cents Only Store LLC (the Store) and Michael Rivera (Rivera) alleging employment-related claims. Defendants moved to compel arbitration pursuant to an alleged agreement to arbitrate. The trial court denied defendants' motion on the grounds that they had waived their right to compel arbitration, and defendants appeal.[1]

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Ramirez's employment with the Store*

Ramirez began working for the Store in 2008. According to defendants, at the time she was onboarded, Ramirez was required to sign an arbitration agreement. Ramirez disputes that she ever signed an arbitration agreement. Rivera allegedly was Ramirez's supervisor.

According to the complaint, Ramirez's employment was terminated on May 4, 2020.

*Ramirez requests a copy of her personnel file*

After her termination but prior to filing the instant lawsuit, Ramirez requested a copy of her personnel file from the Store pursuant to Labor Code sections 1198.5 and 432. In response, on October 30, 2020, the Store provided an affidavit signed by the Store's human resources generalist advising that it had no personnel file for her.

---

[1] Both defendants purport to appeal from the trial court's order. But, Rivera is not mentioned in the opening brief. In light of our conclusion that the trial court did not err, we need not decide whether Rivera sufficiently presented any arguments on appeal.

2

*Ramirez's complaint; the Store's answer*

On January 22, 2021, Ramirez initiated this lawsuit against defendants. The Store answered the complaint on March 1, 2021, alleging arbitration as an affirmative defense.

*Parties meet and confer*

On or around March 12, 2021, the parties met and conferred about attending mediation in this and three other matters in which Ramirez's counsel represented former employees of the Store. In each matter, except the instant one, "the parties agreed to limited discovery in advance of arbitration and signed a stipulation memorializing that agreement." Such a stipulation was not signed in this case because, according to Ramirez, "this matter was not subject to arbitration." When Ramirez's counsel pointed this out to defense counsel, she did not refute Ramirez's contention.

*Case management statement and conference*

On May 24, 2021, the Store filed its case management statement with the trial court, requesting a nonjury trial. While the form indicates that the parties were scheduled to participate in mediation, the form is silent regarding "Binding private arbitration." In fact, the Store did not indicate any intent to file a motion to compel arbitration, even though the form expressly indicates the Store's intent to file other motions.

At the case management conference, the matter was set for a jury trial.

*Discovery prior to mediation yields no arbitration agreement*

The parties proceeded with discovery, consisting of interrogatories, three sets of requests for production of documents, and four depositions, including Ramirez's deposition. On July 6, 2021, defendants provided verified responses to

3

Ramirez's requests for production of documents, attesting that no personnel file for Ramirez was in their possession, custody, or control. Subsequently, on July 8 and 22, 2021, defendants produced what purports to be Ramirez's personnel file; neither production contained the alleged arbitration agreement.

*Mediation*

In September 2021, the parties participated in mediation in this action as well as the three other actions filed by former employees. While those three actions settled, this matter, which was negotiated separately, did not.

*Defendants purportedly discover Ramirez's arbitration agreement*

When the matter did not settle, Ramirez served a settlement offer pursuant to Code of Civil Procedure section 998[2] on defendants. In response, on October 4, 2021, defense counsel notified Ramirez that they had become aware that Ramirez had signed an enforceable arbitration agreement with the Store. Apparently at some point in September, defendants "undertook an even more aggressive effort to locate Plaintiff's personnel file, including re-visiting and searching the many retail locations Plaintiff had worked in. . . . [¶] . . . The team eventually found Plaintiff's personnel file, which had been incorrectly filed." Within that file was a copy of the arbitration agreement that the Store contends Ramirez signed.

*Motion to compel arbitration*

On November 15, 2021, defendants filed a motion to compel arbitration of Ramirez's claims.

---

[2]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

4

Ramirez opposed the motion. She argued, inter alia, that she never signed an arbitration agreement and that defendants waived any right to enforce the alleged arbitration agreement.

*Trial court order*

After taking the matter under submission, the trial court denied defendants' motion. In so doing it "assume[d] without deciding that Plaintiff signed the arbitration agreement." Nevertheless, it denied the motion on the ground that defendants waived any right to compel arbitration. After all, defendants provided a declaration to Ramirez's attorneys before the instant action was filed attesting that there were "no employment records for Plaintiff, i.e., there was no arbitration agreement." Defendants also filed a case management statement "that did not reference its intention to compel arbitration or suggest that the case was subject to arbitration." Only after discovery had occurred and the parties participated in an unsuccessful mediation did the Store undertake "'aggressive efforts'" to locate Ramirez's personnel file, which it did.

The trial court was "troubled by the delay in this case," particularly the Store's "inexcusable neglect." The Store's "employees should have undertaken [their aggressive efforts to locate Ramirez's personnel file] at the outset, and not only when it became clear the case would not settle. [The Store] cannot rely on the inexcusable negligence of its employees to excuse its failure to file this motion in a timely manner. [The Store] must exercise greater care over its personnel documents if it wishes to proceed by way of arbitration."

*Appeal*

This timely appeal ensued.

## DISCUSSION

I. *Relevant law*

A court may deny a petition to compel arbitration on the ground that "[t]he right to compel arbitration has been waived by the petitioner." (§ 1281.2, subd. (a).) A party may waive the right to compel arbitration by failing to demand arbitration within a reasonable time. (*Wagner Construction Co. v. Pacific Mechanical Corp.* (2007) 41 Cal.4th 19, 30.) "This rule is an application of the general principle of contract law articulated in Civil Code section 1657, to the effect that, '[i]f no time is specified for the performance of an act required to be performed, a reasonable time is allowed.' [Citation.] '[W]hat constitutes a reasonable time is a question of fact, depending upon the situation of the parties, the nature of the transaction, and the facts of the particular case.'" (*Wagner, supra,* at p. 30.)

Although there is no uniform or single test for determining whether a party's conduct amounts to a waiver of the right to arbitrate, the courts have formulated a list of factors that are relevant in making that determination. These include "'"(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected,

6

misled, or prejudiced' the opposing party.'" [Citation.]"
(*St. Agnes Medical Center v. PacifiCare of California* (2003)
31 Cal.4th 1187, 1196 (*St. Agnes*); see also *Simms v. NPCK Enterprises, Inc.* (2003) 109 Cal.App.4th 233, 240.)

"No one of these factors predominates and each case must be examined in context." (*Lewis v. Fletcher Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 444.)  The question of prejudice, however, "is critical in waiver determinations." (*St. Agnes*, *supra*, 31 Cal.4th at p. 1203.)

"Relatedly, a party that wishes to pursue arbitration must take '"active and decided steps to secure that right"' because an arbitration agreement '"is not . . . self-executing."' [Citation.] 'Mere announcement of the right to compel arbitration is not enough.  To properly invoke the right to arbitrate, a party must (1) timely raise the defense and take affirmative steps to implement the process, and (2) participate in conduct consistent with the intent to arbitrate the dispute.  Both of these actions must be taken to secure for the participants the benefits of arbitration.  [Citations.]" (*Fleming Distribution Co. v. Younan* (2020) 49 Cal.App.5th 73, 80–81 (*Fleming*).)

II.  *Standard of review*

The party asserting waiver "'bears the burden of producing evidence of, and proving by a preponderance of the evidence, any fact necessary to the defense.' [Citation.]" (*Hotels Nevada v. L.A. Pacific Center, Inc.* (2006) 144 Cal.App.4th 754, 761.)

"Generally, the determination of waiver is a question of fact, and the trial court's finding, if supported by sufficient evidence, is binding on the appellate court.  [Citations.]  'When, however, the facts are undisputed and only one inference may reasonably be drawn, the issue is one of law and the reviewing

7

court is not bound by the trial court's ruling.' [Citation.]" (*St. Agnes, supra,* 31 Cal.4th at p. 1196.)

"Here, the essential facts may not be in dispute, in the sense that no one doubts that party X did or did not do act Y on date Z. Nevertheless, even if there is no difference in opinion on such events or nonoccurrences, the inferences to be drawn from the essential facts are conflicting. And where conflicting inferences may be drawn, the issue is reduced to whether the trial court's finding of waiver is supported by substantial evidence. [Citations.] In conducting that standard of review, '[w]e infer all necessary findings supported by substantial evidence [citations] and "construe any reasonable inference in the manner most favorable to the [ruling], resolving all ambiguities to support an affirmance" [citation].' [Citation.]" (*Davis v. Shiekh Shoes, LLC* (2022) 84 Cal.App.5th 956, 962–963; *Davis v. Continental Airlines, Inc.* (1997) 59 Cal.App.4th 205, 211 ["If more than one reasonable inference may be drawn from undisputed facts, the substantial evidence rule requires indulging the inferences favorable to the trial court's judgment"].)

"Reversal is not justified simply because the trial court could have potentially reached a different conclusion on the question of waiver; 'rather, we may reverse the trial court's waiver finding only if the record establishes a lack of waiver as a matter of law.' [Citation.]" (*Fleming, supra,* 49 Cal.App.5th at p. 81.)

III. *The trial court properly denied defendants' motion*

Applying these legal principles, we conclude that the trial court did not err in denying defendants' motion to compel arbitration. Substantial evidence supports the trial court's

8

determination that defendants waived their right[3] to arbitrate this dispute.

Defendants did not timely seek arbitration, and their conduct was inconsistent with a right to arbitrate. Defendants purportedly knew they had a right to arbitrate Ramirez's claims before they were served with the summons and complaint. After all, according to the Store's employee relations manager, since before 2008, the Store "has required every employee to enter into an arbitration agreement as a condition of employment." And, as defendants argued below, they "would have been able to compel arbitration even if the agreement ha[d] not been located." Despite this knowledge, they waited over a year before filing their motion to compel. (*Garcia v. Haralambos Beverage Co.* (2021) 59 Cal.App.5th 534, 542 [unreasonable for a defendant to delay in requesting arbitration until it locates the executed document when it knows that the parties have an agreement to arbitrate].) In the meantime, (1) Ramirez posted jury fees, (2) the Store filed a case management statement requesting a nonjury trial with a time estimate and left the boxes concerning arbitration intentionally blank, and (3) the parties participated in extensive discovery.

Urging us to conclude otherwise, defendants direct us to certain documents that purportedly demonstrate their intent to seek arbitration promptly. For example, they direct us to the Store's answer, which included arbitration as an affirmative defense. But that affirmative defense is just one of 24 boilerplate

---

[3] For ease, we refer to defendants' "right" to arbitrate this dispute, but we offer no opinion on whether the contract was enforceable.

9

affirmative defenses, not to mention the generic catch-all of additional undiscovered affirmative defenses. In any event, raising arbitration as an affirmative defense does not preclude a finding that defendants' subsequent conduct waived a right to compel arbitration. (*Davis v. Continental Airlines, Inc.*, *supra*, 59 Cal.App.4th at pp. 215–216.) Also, according to defendants, their service of a proposed stipulation agreeing to limit discovery in advance of arbitration demonstrates their intent to proceed with arbitration.[4] But, as set forth above, the fact that there may be evidence to support defendants' narrative does not compel reversal. (*Pope v. Babick* (2014) 229 Cal.App.4th 1238, 1245 ["We do not review the evidence to see if there is substantial evidence to support the losing party's version of events, but only to see if substantial evidence exists to support the verdict in favor of the prevailing party"].)

Defendants further argue that their pursuit of settlement in mediation did not compromise their right to arbitrate. (*Zamora v. Lehman* (2010) 186 Cal.App.4th 1, 20.) While we agree that attempts to settle may "not [be] inconsistent with the right to arbitrate" (*Zamora, supra*, at p. 20), that was not the driving force behind defendants' delay in filing their motion to compel. Rather, as set forth above, defendants' own dilatory conduct is what led to the delay.

The cases cited in defendants' appellate briefs are inapplicable. *Quevedo v. Macy's, Inc.* (C.D. Cal. 2011) 798 F.Supp.2d 1122 (*Quevedo*) and *Cornoyer v. AT&T Mobility Services, LLC* (D.N.M. Oct. 5, 2016) 2016 U.S.Dist.LEXIS 140109

---

[4]   Ramirez refused to sign the proposed stipulation because "there [was] no binding arbitration agreement in this action."

10

(*Cornoyer*) are nonbinding federal trial court orders.  (*John's Grill, Inc. v. The Hartford Financial Services Group, Inc.* (2022) 86 Cal.App.5th 1195, 1225, review granted Mar. 29, 2023, S278481.)

And, they are distinguishable.  In *Quevedo*, when the lawsuit was filed, the defendant reasonably concluded under applicable law that it could not enforce the parties' arbitration agreement.  (*Quevedo, supra*, 798 F.Supp.2d at p. 1130.)  Thus, it took no steps to compel arbitration of the plaintiff's claims.  (*Id.* at p. 1129.)  However, while the action was pending, the law changed, prompting the defendant to immediately seek arbitration.  (*Id.* at p. 1131.)  Under these circumstances, the defendant's actions prior to filing its motion could not be deemed inconsistent with an intent to arbitrate.  (*Ibid.*)

Here, in contrast, there was no legal authority that led defendants to believe a timely request to compel arbitration would have been denied.  Rather, we can reasonably infer that defendants delayed in seeking arbitration because they could not locate the signed arbitration agreement, even though they believed at all times that Ramirez was obligated to arbitrate her claims.

In *Cornoyer*, both parties "should have been aware of the arbitration agreement" and both were "equally responsible for their ignorance."  (*Cornoyer, supra*, 2016 U.S.Dist.LEXIS 140109, at pp. *38–*39.)  Furthermore, "the delay in discovering the arbitration agreement appear[ed] to be attributable to bureaucratic inefficiencies, as opposed to trial strategy."  (*Id.* at p. *39.)  Here, Ramirez expressly denies the existence of an arbitration agreement.  Moreover, the Store had a duty to maintain and produce Ramirez's personnel file.  (See, e.g., Gov.

11

Code, § 12946, subd. (a); Lab. Code, § 1198.5, subd. (a).) Its failure to do so for approximately one year does not amount to a bureaucratic inefficiency.

Furthermore, like the trial court, we are troubled by defendants' delay in locating and producing the arbitration agreement. They did not locate or produce it when Ramirez first requested her personnel file (before any litigation commenced), allowing for a civil action to be pursued. They also failed to produce it in response to Ramirez's discovery requests. Only when this dispute did not settle in mediation did defendants finally take the necessary steps to locate and produce the alleged arbitration agreement.

Finally, substantial evidence supports the trial court's implied finding of prejudice. (*Groom v. Health Net* (2000) 82 Cal.App.4th 1189, 1195.) Admittedly, the specific showing of prejudice here was relatively minimal in the context of the entire case—no motions had been litigated and the case had not yet been pending for one year when defendants filed their motion. But, because of defendants' conduct, Ramirez was unable to take advantage of the benefits and efficiencies of arbitration, such as a speedy resolution of her claims. (*St. Agnes*, *supra*, 31 Cal.4th at p. 1204.) Furthermore, Ramirez offers undisputed evidence that "the parties ha[d] undertaken significant discovery . . . including . . . Plaintiff's deposition."[5] We can reasonably infer from this evidence that defendants "used the judicial discovery processes to

---

[5] While the arbitration agreement allows for discovery pursuant to section 1283.05, we cannot ignore subdivision (e) of that statute, which provides: "Depositions for discovery shall not be taken unless leave to do so is first granted by the arbitrator or arbitrators."

12

gain information about the other side's case that could not have been gained in arbitration." (*St. Agnes, supra,* at p. 1204; *Davis v. Continental Airlines, Inc., supra,* 59 Cal.App.4th at p. 215.)

**DISPOSITION**

The order is affirmed. Ramirez is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
LUI

_____, J.
HOFFSTADT